# In the United States Court of Federal Claims

No. 15-501C

(Filed: December 17, 2015)

| | |
|---|---|
| 3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC,  <br><br>                Plaintiffs,  <br><br>        v.  <br><br>UNITED STATES,  <br><br>                Defendant. | Patent case; 28 U.S.C. § 1498(a); standing to sue; joinder of holders of all substantial rights under the patent; motion for a more definite statement; RCFC 8(a)(2), RCFC 12(e) |

     Stephen A. Kennedy, Kennedy Law, P.C., Dallas, Texas for plaintiffs.

     David M. Ruddy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. for defendant.  With Mr. Ruddy on the briefs were Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Civil Division, and John Fargo, Director, and Joss Nichols, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.  Also with him at the hearing was Joel Lofgren, United States Department of the Air Force.

**OPINION AND ORDER**

LETTOW, Judge.

     Pending before the court in this patent infringement case brought pursuant to 28 U.S.C. §1498(a) are motions by the defendant ("United States" or the "government") to dismiss for lack of subject matter jurisdiction and for a more definite statement, both filed September 16, 2015.  The plaintiffs, 3rd Eye Surveillance, LLC ("3rd Eye") and Discovery Patents, LLC ("Discovery Patents"), have alleged that the government infringed three patents for a "security alarm system," *viz.*, U.S. Patent No. 6,778,085 (the "'085 patent"), entitled "Security System and Method with Realtime Imagery," U.S. Patent No. 6,798,344 (the "'344 patent"), entitled "Security Alarm System and Method with Realtime Streaming Video," and U.S. Patent No. 7,323,980 (the "'980 patent"), also entitled "Security System and Method with Realtime Imagery."  In its motion to dismiss, the government initially asserted that plaintiffs lacked standing because they did not sufficiently establish ownership of the patents in suit.  The government also contended that the Assignment of Claims Act, 31 U.S.C. § 3727, barred plaintiffs from claiming damages for any infringing manufacture or use prior to February 12, 2013, when at least a portion of the interest

in the patents in suit was assigned to Discovery Patents. Finally, the government asserted that the plaintiffs provided insufficient information in their complaint to give the government notice of the alleged infringement such that it could reasonably investigate and respond to plaintiffs' allegations.

The motions have been fully briefed by the parties and were addressed at a hearing held on December 7, 2015. As a result of evidentiary materials offered during the briefing, the government now concedes that plaintiffs have standing to bring the present suit. Also, plaintiffs have advised that they do not intend to claim damages for infringement prior to February 12, 2013. Accordingly, the court denies the government's motion to dismiss. Nonetheless, the court grants the government's motion for a more definite statement and directs plaintiffs to amend their complaint to explain why they believe that certain government agencies and third-party contractors to the government have infringed the patents at issue. Recognizing that plaintiffs may well have been hampered by security constraints in learning of specific applications by the government of the patented technology, plaintiffs should submit an amended complaint that provides the government with the publicly available information upon which they relied to bring their claims before the court.

## BACKGROUND[1]

On May 15, 2015, plaintiffs filed a complaint broadly alleging that the government is infringing inventions claimed in the patents at issue. Compl. ¶ 5. The three asserted patents relate to a "security alarm system that provides secure, realtime video and/or other realtime imagery of a secured location to one or more emergency response agencies over a high-speed communications link." '085 patent at Abstract. 3rd Eye is allegedly "the exclusive licensee of all rights to the [three asserted] patents," and Discovery Patents is the alleged assignee of all interests in the patents. Compl. ¶¶ 6-7. Otis Faulkner, a member of Discovery Patents, was a co-inventor for each of the patents. Compl. ¶ 8.

Plaintiffs claim the government has infringed the patents by "develop[ing] and deploy[ing] unlicensed and infringing surveillance systems" through use of its internal resources and contracts with various third parties. Compl. ¶¶ 10-11. Plaintiffs list, "by way of example, and not limitation," at least eight government entities responsible for military, security, and law enforcement functions, and at least six third-party governmental "consultants and contractors" that allegedly employ the accused systems. Compl. ¶¶ 3, 11. The complaint does not provide any information regarding the location or identity of the accused systems. Plaintiffs claim that the government's use of infringing systems resulted in damages that "approach or exceed $1 [b]illion," which plaintiffs say they calculated "[b]ased on publicly available materials on the scope of the [g]overnment's analysis, and after conferring with a consulting expert on damages." Compl. ¶ 29.

---

[1]To provide a background and context for the case, the court has drawn upon the complaint and the submissions of the parties attendant to the pending motions.

2

## ANALYSIS

### A. *Subject Matter Jurisdiction*

The government's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") rested on the contention that plaintiffs did not sufficiently demonstrate that they own "all substantial rights in the patent[s]." Def.'s Mot. to Dismiss for Lack of Subject Matter Jurisdiction ("Def.'s Mot. to Dismiss") at 6, ECF No. 8 (citing *Morrow v. Microsoft Corp.*, 499 F.3d 1332, 1338-39 (Fed. Cir. 2007)). Specifically, the government contended that because co-inventors "presumptively own[] a pro rata undivided interest in the entire patent," and because plaintiffs did not provide evidence of an assignment of interest in the patents by co-inventor Richard Blake to the plaintiffs, the plaintiffs could not meet this burden for standing without joining Mr. Blake in the action. *Id*. (quoting *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1465 (Fed. Cir. 1998)). Relatedly, the government also asserted that the chain of title for the patents in suit shows that plaintiff Discovery Patents did not become an assignee of the three patents until on or around February 12, 2013, and therefore even if Mr. Blake did assign his rights to plaintiffs, they are barred under the Assignment of Claims Act, 31 U.S.C. § 3727, from recovering damages for any infringement by the government prior to that date. *Id*. at 10-12.

The government is correct that a plaintiff in a patent infringement suit must either show that it holds all substantial rights in a patent or join all other co-owners in the suit. *See Israel Bio-Eng'g Project v. Amgen, Inc.*, 475 F.3d 1256, 1264-65 (Fed. Cir. 2007); *see also Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000) (explaining the general rule under 35 U.S.C. § 261 that the original patentee must be joined in an infringement action, unless the patentee "makes an assignment of all substantial rights under the patent"). Here, the plaintiffs responded to the government's motion to dismiss by showing that Mr. Blake, one of the two original patentees, assigned "his entire right, title and interest to" the asserted patents to Mr. Faulkner, the other original patentee, who subsequently assigned all his rights in the patents to plaintiff Discovery Patents. Pls.' Resp. to Def.'s Mot. to Dismiss ("Pls.' Opp'n") at 2 & Ex. 1, ECF No. 12. At the hearing held on December 7, 2015, the government conceded that this evidence established that plaintiffs have standing to proceed with this action without joining Mr. Blake. Hr'g Tr. 9:8 to 10:10 (Dec. 7, 2015).[2]

Also no longer at issue is the government's contention that the Assignment of Claims Act barred plaintiffs from recovering damages for any infringement occurring prior to February 12, 2013, when Mr. Faulkner transferred his rights to Discovery Patents. Def.'s Mot. to Dismiss at 10-11. At the hearing, plaintiffs' counsel confirmed that plaintiffs are not seeking damages from the government prior to that date. Hr'g Tr. 25:14-25.[3]

---

[2]The date of the hearing will be omitted from further citations to the hearing transcript.

[3]The government appears to have raised its argument respecting the Assignment of Claims Act in its motion to dismiss for lack of subject matter jurisdiction because the Federal Circuit has suggested that the Act might affect the waiver of sovereign immunity in the Tucker Act, 28 U.S.C. § 1491(a). *See Insurance Co. of the W. v. United States*, 243 F.3d 1367, 1375

3

Accordingly, subject matter jurisdiction has been established for the court to proceed to consider plaintiffs' claims.

B. *Motion for a More Definite Statement*

In the government's motion for a more definite statement under RCFC 12(e), the government asserted that because plaintiffs did not identify a single accused system, they have not provided the government with "fair notice" of their claims under RCFC 8(a)(2) and therefore the government cannot reasonably respond to the complaint. Def.'s Mot. for a More Definite Statement at 1, 9, ECF No. 9. The government requests that the court direct the plaintiffs to amend their complaint to include "the exact accused systems, devices, or products at issue in this case." *Id.* at 15.

RCFC 8(a)(2) requires pleadings involving a claim for relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief." If a complaint does not comply with this requirement, the defendant in this court has at least two procedural options. It can move under RCFC 12(b)(6) to dismiss the claim for failure to state a claim upon which relief can be granted. Alternatively, as the government does here, the defendant can move under RCFC 12(e) for a more definite statement on the ground that the complaint "is so vague or ambiguous that the party cannot reasonably prepare a response."[4]

The Federal Circuit has found that a patent infringement claim can survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if the complaint meets the requirements of Form 18 to the Appendix of Forms to the Federal Rules of Civil Procedure, which until December 2015 was appended to the federal rules as a sample complaint for direct patent infringement. *See, e.g.*, *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1283-84 (Fed. Cir. 2013) (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012); *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007)).[5] Form 18 used "electric motor" as an example of a description of the accused device in such an infringement claim. *See* Form 18 ("The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention."

---

(Fed. Cir. 2001). Although this action is brought under a different jurisdictional predicate, *viz.*, 28 U.S.C. § 1498(a), the government may have considered that the same rationale could apply. Notably however, the government's briefs declined to denominate the Act as jurisdictional. In that respect, the court observes that the Supreme Court in *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 161 (2010), narrowed the standard for determining whether a statute is jurisdictional and cautioned against construing "claim-processing rules" as jurisdictional limits.

[4]RCFC 8(a)(2), 12(b)(6), and 12(e) mirror the equivalent rules in the Fed. R. Civ. P. Consequently, decisions interpreting the Fed. R. Civ. P. are relevant to interpretation of the comparable provisions of the RCFC. *See Duffy v. United States*, 120 Fed. Cl. 55, 61 n.9 (2015), *appeal pending*, No. 2015-5076 (Fed. Cir.); *Palafox St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 780 n.2 (2014).

[5]Form 18, along with the entire Appendix of Forms to the Fed. R. Civ. P., was abrogated on December 1, 2015.

(emphasis in original)). Based on this example, the Federal Circuit stated that a complaint relying on the "simplicity and brevity" exemplified by Form 18 must nonetheless suffice to place "a potential infringer . . . on notice of what activity or device is being accused of infringement." *K-Tech*, 714 F.3d at 1284. The Federal Circuit considered that the pleading criteria for patent infringement claims necessarily implicate a "context-driven analysis." *Id.* at 1286-87; *id.* at 1287 (Wallach, J., concurring). While "electric motor" might suffice under some circumstances where the asserted patent and potential accused systems are relatively narrowly defined, in others where the universe of potential infringing system is much broader, more descriptive and limiting allegations may be required. *See id.* In effect, *K-Tech* established a "notice and plausibility" standard to judge the sufficiency under Fed. R. Civ. P. 8(a)(2) of allegations of infringement in a patent case.

The standard for evaluating a complaint under RCFC 12(b)(6) is not necessarily the same as the standard under RCFC 12(e). Consequently, a complaint may be sufficient to survive a motion to dismiss for failure to state a claim, but the court may nonetheless order a party to provide a more definite statement before moving forward with the proceedings. *See, e.g., Wright v. United States*, 221 Ct. Cl. 913, 915 (1979) (denying a motion to dismiss but requiring a more definite statement); *Gal-Or v. United States*, 93 Fed. Cl. 200, 205 (2010) (same); *BMY-Combat Systems Div. of Harsco Corp. v. United States*, 26 Cl. Ct. 846, 849-50 (1992) (same). With regard to patent infringement claims, this court has found that to satisfy a motion under RCFC 12(e), plaintiffs must provide enough information for the government to determine the identity of the accused products and how they infringe on the asserted patent(s). *See Chinsammy v. United States*, 95 Fed. Cl. 21, 23 (2010) (ordering a plaintiff to file a more definite statement stating "specifically how the federal government infringed upon his patent . . . and the specific basis for the damages sought"). As a result, the court may order a more definite statement in cases where it finds that the complaint may potentially state a claim for relief, but where it also is too "vague or ambiguous" for the opposing party to reasonably respond under RCFC 12(e).[6]

Because the complaint here does not specifically identify the accused systems, the government is "left to guess what systems allegedly infringe on the asserted patents." Def.'s Mot. for More Definite Statement at 9. The government points to at least three reasons why plaintiffs should be able to provide more identifying information in their complaint. *Id.* First, plaintiffs allege that they reviewed "publicly available materials" to arrive at their assessment that their damages "approach or exceed $1 [b]illion." *Id.* (citing Compl. ¶ 29). The government reasons that plaintiffs, at a minimum, could have recited this public information as part of their complaint to provide more specificity in their allegations. *Id.*; *see also* Hr'g Tr. 6:16-19. Second, the government lists eleven separate actions brought by plaintiffs against private entities alleging patent infringement in which plaintiffs provided specific descriptions or examples of the accused systems. Def.'s Mot. for More Definite Statement at 10 & Ex. A-J (identifying complaints filed by plaintiffs against various private or local governmental entities in 2014 and 2015). Third, the government points out that plaintiffs have a duty under RCFC 11(b) to perform a prefiling investigation that compares the accused systems with the patent claims, and therefore

---

[6]The court therefore need not address whether the recent abrogation of Form 18, which occurred six and one-half months after the complaint in this case was filed, raises a retroactivity question. The "notice and plausibility" standard of *K-Tech* continues to govern.

plaintiffs must have already identified accused systems with more specificity than was provided in the complaint. *Id.* at 10 (citing *Antonious v. Spalding & Evenflo Cos.*, 275 F.3d 1066, 1073 (Fed. Cir. 2002) ("As applied by this court, Rule 11 requires an attorney who files a patent infringement action to compare the accused device with the construed patent claims.")).

Plaintiffs respond that by referring in their complaint to "surveillance systems" and attaching the specifications of their asserted patents, they have fulfilled the factual pleading requirements of Form 18. Pls.' Opp'n at 4 (comparing "surveillance systems" with Form 18's example of "electric motor"). Plaintiffs also assert that, under the rationale in *K-Tech*, they should not be required to provide more identifying information regarding the accused systems because the government "operates in secrecy," and therefore plaintiffs cannot be expected to "identify each and every infringing product, system, or device." *Id.* at 3 (citing *K-Tech*, 714 F.3d at 1286 ("[Defendants] operate in secrecy, thus precluding K-Tech from ascertaining 'exactly where the infringement is occurring or what devices are used to infringe.'")); *see also* Hr'g Tr. at 14:3-22.

The court recognizes that bringing suit against those elements of the government that operate with high levels of security and secrecy poses challenges in terms of pre-complaint information gathering. Nevertheless, plaintiffs' complaint, as written, provides insufficient notice of allegations of infringement. In *K-Tech*, the defendants were bound by a regulatory scheme to broadcast digital television signals in a certain way, and K-Tech's complaint discussed how it had determined, through pre-suit examinations and discussions, that defendants must be infringing their patent that covered a system that would allow such a broadcast. 714 F.3d at 1285-86. Therefore, even though K-Tech could not identify the infringing system by name, it provided sufficient information about a specific method of digital television broadcast to put the defendants on notice of the infringing activity K-Tech was alleging.

By contrast, the present complaint asserts that within the U.S. government's military, security, and law enforcement communities, "surveillance systems" are being used that infringe plaintiffs' three patents. Given the "breadth and complexity" of the three asserted patents (a "security alarm system" that incorporates "realtime video") and the potential breadth of the accused product or system (surveillance systems used throughout the U.S. government), the government cannot reasonably respond to the complaint as currently written. The government employs countless "surveillance systems" worldwide. It is unreasonable for the government to bear the burden of searching all these systems to determine whether they infringe any of the 103 claims listed in plaintiffs' three asserted patents.[7]

---

[7]In conducting its evaluation of plaintiffs' complaint, the government represents that it compiled a listing of Commercial and Government Entity ("CAGE") codes reflecting potentially relevant contracts the business entities listed in paragraph 11 of the complaint had with the government. *See* Def.'s Mot. for More Definite Statement at 14. CAGE codes are "assigned by the Defense Logistics Agency . . . to discrete business entities for purposes of executing payments under government contracts and to track the ownership of technical data." *Id.* (citations omitted). The government reported that this search generated over 200 contracts that

Plaintiffs' counsel acknowledged during the hearing that he had used various public documents, including contract announcements, internet postings, and corporate press releases, as the basis for determining that the government was infringing plaintiffs' patents. Hr'g Tr. 17:16-22, 18:14-23; 23:18-25; *see also* Hr'g Tr. 7:18-25 (statement by government counsel that he is not seeking an explicit description of each allegedly infringing system, but rather the publicly available information that led plaintiffs to conclude that infringement was occurring). At a minimum, plaintiffs are able to present this information to the government and explain their rationale for concluding that the government is engaging in infringing activity. This additional information may reasonably allow the government to conduct the necessary searches to respond to plaintiffs' complaint. Therefore, plaintiffs are directed to file an amended complaint that (1) explains, with as much specificity as possible, why they believe certain government agencies and third-party contractors to the government have developed and used surveillance systems that infringe their patents, and (2) provides the publicly available information that was used to reach this conclusion.

## CONCLUSION

For the reasons stated, the government's motion to dismiss for lack of subject matter jurisdiction is DENIED, but its motion for a more definite statement is GRANTED. Plaintiffs shall file an amended complaint on or before January 26, 2016.

It is so ORDERED.

s/ Charles F. Lettow  
Charles F. Lettow  
Judge

---

might be potentially relevant to the government's activity with the contractors listed by plaintiffs in their complaint. *Id*.