IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 15-501C

(Filed: June 16, 2017)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| 3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) |
| and | ) ) |
| ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, NORTHROP GRUMMAN SYSTEMS CORPORATION, TYCO INTEGRATED SECURITY LLC, and VIDSYS, INC., | ) ) ) ) ) ) ) |
| Defendant-Intervenors. | ) ) |

ORDER

Pending before the court is plaintiffs' motion to compel the government to produce documents and overrule objections ("Pls.' Mot. to Compel Def."), ECF No. 126.

Plaintiffs first seek to compel the government to produce source code for potentially infringing systems. As discussed at the hearing held on June 14, 2017, the production of source code was not contemplated by the scheduling order setting out the parameters of a first round of fact discovery for the purposes of identifying potentially infringing systems, identifying proper third-party defendants, formulating plaintiffs' preliminary infringement contentions, and preparing for claim construction. Source code is not necessary at this preliminary stage of discovery, and thus plaintiffs' motion is denied in this regard.

Documents respecting potentially infringing systems that do not encompass source code are discoverable by plaintiffs, however, because they are relevant to plaintiffs' development of

preliminary infringement contentions and are within the scope of initial fact discovery as set out in the scheduling order.  Nevertheless, plaintiffs' requests for production in this regard are unduly broad and burdensome to the government because they seek production of documents for all potentially infringing systems used by the government at government-run airports, courthouses, and government buildings.  *See* Def.'s Opp'n to Pls.' Mot. to Compel ("Def.'s Opp'n") at 10, ECF No. 134.  Outside their requests for production, plaintiffs have proffered to government counsel via e-mail a "temporar[y]" list of locations that contain potentially infringing systems for which the government should produce documents, including three airports, three federal courthouses, and three government buildings.  *See* Def.'s Mot. to Compel at 4, ECF No. 124.  Plaintiffs have also identified in their reply brief three specific systems that are potentially infringing, including a border patrol surveillance system developed and manufactured by General Dynamics, software produced by Vidsys and used in multiple government buildings, and an airport security monitoring system produced by Hitachi Data Systems Federal.  *See* Pls.' Reply to Def.'s Resp. to Pls.' Mot. to Compel Def. ("Pls.' Reply") at 5-10, ECF No. 138.  The court determines that these locations and systems sufficiently narrow the scope of production at this early stage of discovery, so plaintiffs' motion to compel is granted in this regard.

Plaintiffs also seek production of documents, communications, and contracts between and among the government and defendant-intervenors that are related to the patents-in-suit, this litigation, and the *inter partes* review proceedings before the U.S. Patent and Trademark Office. Pls.' Mot. to Compel. Def. at 6-7.  The government alleges that these documents are privileged, but has not produced a privilege log.  *See* Def.'s Opp'n at 7-8.  Neither the government nor defendant-intervenors have represented to the court that they have a joint defense agreement that would render privileged defense-related communications between and among these parties and their attorneys.  Therefore, these documents are discoverable by plaintiffs unless the government can make a claim of privilege and produce a privilege log pursuant to Rule 26(b)(5)(A) of the Rules of the Court of Federal Claims ("RCFC").

Finally, plaintiffs seek production of documents and source code regarding potentially infringing systems used to monitor U.S. embassies.  Infringement claims based at U.S. embassies are outside the jurisdiction of this court, however, because they "aris[e] in a foreign country" within the meaning of 28 U.S.C. § 1498(c).  *See Leonardo v. United States*, 55 Fed. Cl. 344, 354 (2003) (interpreting 28 U.S.C. § 1498(c) analogously to identical language in the Federal Tort Claims Act ("FTCA"), and explaining that "U.S. courts do not possess jurisdiction under the FTCA [and therefore under § 1498(c)] to hear a claim based on an incident that took place at a government facility, even an embassy, abroad").  Therefore, as the court does not have jurisdiction over these claims, plaintiffs' discovery of information related to systems located at U.S. embassies is improper.

In sum, plaintiffs' motion is GRANTED IN PART and DENIED IN PART.  The court will not compel the government to produce source code prior to plaintiffs' submission of preliminary infringement contentions, nor shall the court compel the government to produce documents related to security systems at U.S. embassies located in foreign countries.  The court also defers consideration of plaintiffs' motion with regard to whether systems installed prior to February 12, 2013 are within the scope of potentially infringing systems in this case, pending the

submission of supplemental briefing by the parties on the assignment-related issues that arise in that connection.

Plaintiffs are ordered to reconfigure their requests for production that do not request source code so that they are limited to the systems identified in plaintiffs' e-mail of February 8, 2017 to government counsel, and in plaintiffs' reply to their motion to compel the government. Plaintiffs shall submit their rewritten requests for production to government counsel on or before June 23, 2017, and the government shall respond on or before July 24, 2017. The government is also ordered to respond to plaintiffs' requests for production regarding communications between and among the government and defendant-intervenors on or before July 24, 2017. To the extent it can claim that any of these documents are privileged, the government is ordered to produce a privilege log pursuant to RCFC 26(b)(5)(A).

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge