IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 15-501C

(Filed: August 17, 2017)

(NOT TO BE PUBLISHED)

| | |
|---|---|
| 3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| UNITED STATES, | ) ) |
| Defendant, | ) ) ) |
| and | ) ) |
| ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, NORTHROP GRUMMAN SYSTEMS CORPORATION, TYCO INTEGRATED SECURITY LLC, and VIDSYS, INC., | ) ) ) ) ) ) ) ) |
| Defendant-Intervenors. | ) ) |

ORDER

In this patent case, pending before the court is the government's motion for a protective order and order limiting preliminary discovery ("Def.'s Mot."), ECF No. 157.  The government seeks a protective order pursuant to Rule 26(c) of the Rules of the Court of Federal Claims ("RCFC") to limit the scope of plaintiffs' requests for production to specific security systems identified in the court's order of June 16, 2017, ECF No. 149, as well as an order expressly limiting the scope of preliminary discovery in this case to those specific systems.  *See* Def.'s Mot. at 1.[1]

---

[1]The court has provided a period for preliminary fact discovery bearing on claim construction, in preparation for identification of, and briefing on, disputed claim terms, culminating in a *Markman* hearing to be held in April 2018.

In the court's order of June 16, 2017, the court determined that plaintiffs' original requests for production were "unduly broad and burdensome to the government because they s[ought] production of documents for *all* potentially infringing systems used by the government at government-run airports, courthouses, and government buildings." Order of June 16, 2017 at 2 (emphasis added). The court therefore ordered plaintiffs to "reconfigure their requests for production" during the preliminary stage of discovery to be limited to "the systems identified in plaintiffs' e-mail of February 8, 2017 to government counsel, and in plaintiffs' reply to their motion to compel the government." *Id.* at 3. The order identifies systems that are located in "three airports, three federal courthouses, and three government buildings" that were mentioned in plaintiffs' e-mail, as well as three systems specifically identified in plaintiffs' reply to its motion to compel, "including a border patrol surveillance system developed and manufactured by General Dynamics, software produced by Vidsys and used in multiple government buildings, and an airport security monitoring system produced by Hitachi Data Systems Federal." *Id.* at 2.

Plaintiffs' amended requests for production, which were served on the government on June 23, 2017, are not limited to the aforementioned systems, but rather continue to seek documents covering all systems used by the government at airports, courthouses, government buildings, and the United States-Mexico border. *See* Def.'s Mot. at 5-6, A003-05. Plaintiffs claim that these requests are within the scope of the court's order because the systems identified in the reply brief include "the system that was being installed on the border as of October 14, 2015," systems in federal office buildings, and "the airport security system being used at airports." Pls.' Resp. to Def.'s Mot. for Protective Order ("Pls.' Opp'n") at 2, ECF No. 160. Plaintiffs' position is contrary to the court's order. The court explicitly stated that plaintiffs' requests were "unduly broad and burdensome" at this preliminary stage of discovery, and expressly limited the scope of discovery to certain systems and locations, including the three specifically-identified systems in plaintiffs' reply. The order plainly did not give plaintiffs license to reissue its overly broad requests for documents, but rather ordered specific limitations on these requests. Plaintiffs thus have failed to comply with the court's order and the government continues to be unduly burdened by plaintiffs' requests for production, so a protective order is warranted. *See* RCFC 26(c)(1) (explaining that the court may issue a protective order limiting the scope of discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense").

The government further requests that the court clarify and modify several issues regarding plaintiffs' requests for production to ensure that the modified requests are no longer "unduly broad and burdensome." First, the government asks that document requests regarding the three airports identified in plaintiffs' e-mail of February 8, 2017 (Dallas/Fort Worth International Airport, Ronald Reagan Washington National Airport, and LaGuardia Airport) be "explicitly limited to systems owned and maintained by the government." Def.'s Mot. at 8. This caveat appropriately limits the scope of plaintiffs' airport-related document requests because plaintiffs may only bring claims regarding potentially infringing systems that are "used or manufactured by or for the United States." 28 U.S.C. § 1498(a).

The government next claims that the court should not include the airport security monitoring system manufactured by Hitachi Data Systems Federal, which was described in plaintiffs' reply brief, within the list of specific systems to be subject to plaintiffs' document

requests. *See* Def.'s Mot. at 8-9. The government states that it has searched within the Federal Procurement Data System database to identify a system procured from Hitachi Data Systems Federal, as plaintiffs have not identified "the agency, airport, or contract under which the security system was procured." *Id.* The government advises that no such system or contract is listed in the database. *Id.* In the circumstances, the government has made a good faith effort to identify relevant documents regarding systems procured from Hitachi Data Systems Federal, which satisfies its obligation to respond to plaintiffs' request for production. *See Cormack v. United States*, 117 Fed. Cl. 392, 408 (2014) ("The court cannot compel [a party] to produce documents that it insists do not exist."). Therefore, plaintiffs may not request documents from the government regarding systems manufactured by Hitachi Data Systems Federal and procured by the government for use in airports, as described in plaintiffs' reply brief.

With regard to systems employed at federal courthouses, the government requests that the court clarify that plaintiffs' request for documents regarding the United States District Court for the Southern District of New York, as stated in plaintiffs' e-mail of February 8, 2017, be limited to the courthouse located at 500 Pearl Street, New York, NY. Def.'s Mot. at 10. This clarification is consistent with the court's order of June 16, 2017 limiting plaintiffs' document requests to "three federal courthouses," Order of June 16, 2017 at 2, because the Southern District of New York operates out of several different courthouses.

The government further requests that a different courthouse be substituted for the United States Supreme Court, which was identified as one of three courthouses in plaintiffs' e-mail of February 8, 2017. Def.'s Mot. at 10. The government indicates that the Supreme Court is an inappropriate "test case" at this early stage of discovery because its security systems are procured and maintained by the Supreme Court Police, raising separation of powers issues as to "whether [this] court . . . can compel discovery from an Article III court." *Id.* The court concurs and will substitute the E. Barrett Prettyman U.S. Courthouse in Washington, D.C., which houses both the U.S. Court of Appeals for the D.C. Circuit and the United States District Court for the District of Columbia, as the third courthouse regarding which plaintiffs may request documents from the government concerning potentially infringing systems.

Regarding systems installed in government buildings, the government asks the court to clarify the addresses of the three buildings identified in plaintiffs' e-mail of February 8, 2017. Def.'s Mot. at 11-12. This request is consistent with the court's order of June 16, 2017 and ensures that plaintiffs' document requests are limited to three specific government buildings. Therefore, the three government buildings regarding which plaintiffs may seek preliminary discovery are the Robert F. Kennedy Department of Justice Building in Washington, D.C., the St. Elizabeth's Campus facility of the Department of Homeland Security in Washington, D.C., and the NASA Johnson Space Center in Houston, Texas.

The government next asks the court to limit plaintiffs' requests regarding systems manufactured and provided to the government by Vidsys, Inc. and General Dynamics One Source LLC, as identified in plaintiffs' reply, to certain contract orders previously identified by the government. Def.'s Mot. at 12-13. This limitation is too constricting. Plaintiffs' reply describes a Vidsys system used in federal office buildings that combines the functionality of Converged Security Information Management software with sensors, including video cameras, as

well as a Remote Video Surveillance System manufactured by General Dynamics One Source and procured by the government for use along the United States-Mexico border.  Pls.' Reply to Def.'s Resp. to Pls.' Mot. to Compel Def. to Produce Docs. and Overrule Objs. at 5-8, ECF No. 138.  Plaintiffs' description of these systems is not limited to any particular contract numbers, and the systems conceivably could have been procured in multiple instances across several locations, agencies, and contracts.  Any such systems are properly within the scope of the court's order of June 14, 2017, so the court at this time will not order plaintiffs to limit their discovery requests to the specific contracts that have been identified by the government.  Rather, the court will limit plaintiffs' requests to systems manufactured by Vidsys and procured by the government that incorporate Converged Security Information Management Software, and systems manufactured by General Dynamics One Source and procured by the government for use along the United States-Mexico border.

Finally, the government requests that the court enter an order "explicitly limiting the scope of discovery available during the 'preliminary' discovery phase of this case."  Def.'s Mot. at 14.  The court has already limited the scope of production in its order of June 14, 2017, and clarifies this scope by this order.  Preliminary discovery has been underway for several months.  The court has addressed the parties' discovery disputes as they have arisen, and will continue to do so as and if other disputes arise.  Therefore, it is not necessary for the court to further limit the scope of discovery at this early stage of litigation.

For the reasons stated, the government's motion is GRANTED IN PART and DENIED IN PART.  Plaintiffs are ordered to limit their requests for production to the systems identified in the court's Order of June 16, 2017, *i.e.*, "the systems identified in plaintiffs' e-mail of February 8, 2017 to government counsel, and in plaintiffs' reply to their motion to compel the government," accounting for the changes and clarifications detailed in this order.  Specifically, plaintiffs must limit their requests for production to (1) systems owned and maintained by the government at Dallas/Fort Worth International Airport, Ronald Reagan Washington National Airport, and LaGuardia Airport; (2) systems used at the United States District Court for the Northern District of Texas, Dallas Division, the United States District Court for the Southern District of New York located at 500 Pearl Street, New York, NY, and the E. Barrett Prettyman U.S. Courthouse in Washington, D.C.; (3) systems used at the Robert F. Kennedy Department of Justice Building in Washington, D.C., the St. Elizabeth's Campus facility of the Department of Homeland Security in Washington, D.C., and the NASA Johnson Space Center in Houston, Texas; and (4) systems manufactured by Vidsys, Inc. and procured by the government for use in government facilities that utilize Converged Security Information Management software, and Remote Video Surveillance Systems manufactured by General Dynamics One Source LLC and procured by the government for use along the United States-Mexico border.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge