# In the United States Court of Federal Claims

No. 15-501C

(Filed: September 26, 2019)

| | | |
|---|---|---|
| ************************************* | ) | |
| 3RD EYE SURVEILLANCE, LLC and | ) | Patent infringement action; proposed |
| DISCOVERY PATENTS, LLC, | ) | amendment of complaint; lack of |
| | ) | prejudice; complexity; fair notice; |
| Plaintiffs, | ) | timeliness |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ELBIT SYSTEMS OF AMERICA, LLC, | ) | |
| GENERAL DYNAMICS ONE SOURCE | ) | |
| LLC, NORTHROP GRUMMAN | ) | |
| SYSTEMS CORPORATION, and | ) | |
| VIDSYS, INC., | ) | |
| | ) | |
| Defendant-Intervenors. | ) | |
| ************************************* | | |

Steven A. Kennedy, Kennedy Law, P.C., Dallas, TX, for plaintiffs.

Lee Perla, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

Kurt G. Calia, Covington & Burling LLP, Palo Alto, CA, for defendant-intervenor Elbit Systems of America, LLC.

Scott Andrew Felder, Wiley Rein, LLP, Washington, D.C., for defendant-intervenor General Dynamics One Source LLC.

Gregory H. Lantier, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corporation.

David R. Yohannan, Yohannan Law, Alexandria, VA, for defendant-intervenor Vidsys, Inc.

**OPINION AND ORDER**

LETTOW, Senior Judge.

  Pending before the court in this patent infringement action is plaintiffs' motion for leave to file their third amended complaint.[1] Plaintiffs are the owner and exclusive licensee of three patents, U.S. Patent Nos. 6,778,085 (the "'085 patent"), 6,798,344 (the "'344 patent"), and 7,323,980 (the "'980 patent"), each of which relate to security systems with realtime imaging capabilities. Plaintiffs alleged in their second amended complaint the infringement of these patents by various security systems used in secured locations owned, operated, or managed by or for the United States. *See* Pls.' Second Am. Compl. ¶ 9, ECF No. 244. The second amended complaint, however, did not include infringement allegations for claims 11-31 of the '980 patent. The failure to include these allegations was not a mere oversight, but instead the result of a decision by the Patent Trial and Appeal Board ("the Board") in an *inter partes* review ("IPR") on a petition filed by the government that found certain claims of the '980 patent to be unpatentable (and thus, unenforceable). *Department of Justice v. Discovery Patents, LLC*, No. IPR2016-01041, 2017 WL 5446312, at *15 (P.T.A.B. Nov. 9, 2017).[2] But on September 9, 2019, the Board vacated its final written decision in IPR2016-01041 and dismissed the petition, *see* Termination of Proceeding at 3, *Department of Justice v. Discovery Patents, LLC*, No. IPR2016-01041 (P.T.A.B. Sept. 9, 2019), Paper No. 30, in light of the Supreme Court's recent decision in *Return Mail, Inc. v. United States Postal Serv.*, __ U.S. __, 139 S. Ct. 1853 (2019) (ruling that the federal government had no statutory basis to file a petition for *inter partes* review).

  Because the claims are now enforceable, plaintiffs seek to amend their complaint to include allegations for infringement of these claims of the '980 patent. Considering the unique procedural circumstances that have now rendered the claims once again enforceable, the court grants the plaintiffs' motion for leave to file their proposed third amended complaint, with certain caveats that must be rectified before filing.

---

  [1]To refer to the proposed amended complaint under consideration, the parties cited both the "third amended complaint" and the "fourth complaint." For clarity, the court will refer to this complaint as the "third amended complaint."

  [2]Throughout the briefs and during hearings, the parties refer to claims 11, 12, 14, 16-18, and 20-31 of the '980 patent as being "invalid" or "invalidated," *see e.g.*, Hr'g Tr. 6:12-14 (Sept. 10, 2019) ("the decision which *invalidated* certain claims of the '980 patent") (emphasis added) (the date will be omitted from further citations to this hearing); Hr'g Tr. 14:11-12 ("the PTAB in its decision *invalidating* these patent claims") (emphasis added). The proper term to be used is "unpatentable." While the terminology may intend the same overall effect, the Board's finding of "unpatentable" reflects a re-opened inquiry of the initial patent grant and examination process applying no presumption of patentability, whereas, a court's decision of "invalidity" reflects the application of the presumption of validity, as reflected in 35 U.S.C. § 282(a). Pursuant to 35 U.S.C. § 318(b), the Board cancels claims found unpatentable.

2

**BACKGROUND**

Plaintiffs, 3rd Eye Surveillance, LLC and Discovery Patents, LLC, first filed suit against the United States in this court in May 2015, alleging patent infringement under 28 U.S.C. § 1498. *See* Pls.' Compl. ¶¶ 4-5, ECF No. 1. Plaintiffs submitted amended complaints on January 26, 2016, Pls.' First Am. Compl., ECF No. 22, and again on October 7, 2018, Pls.' Second Am. Compl., ECF No. 244. In response to these allegations of infringement, the United States filed six petitions at the Board for *inter partes* review, under 35 U.S.C. § 311,[3] challenging the patentability of the claims at issue in this case.[4] The Board declined to institute review on five of the six petitions, but did institute review on most of the claims in IPR2016-01041,[5] pursuant to 35 U.S.C. § 314, which challenged the patentability of claims 11-31 of the '980 patent. Decision Instituting Inter Partes Review at 2, *Department of Justice v. Discovery Patents, LLC*, No. IPR2016-01041 (P.T.A.B. Nov. 15, 2016), Paper No. 10. The Board then issued a final written decision on November 9, 2017, finding claims 11, 12, 14, 16-18, and 20-31 unpatentable as anticipated, *Department of Justice v. Discovery Patents, LLC*, No. IPR2016-01041, 2017 WL 5446312, at *15 (P.T.A.B. Nov. 9, 2017), consequently rendering them unenforceable in the case at issue. The patent owners, *i.e.*, plaintiffs in this suit, did not appeal the final written decision. *See* Notice of IPR Decision at 2, ECF No. 103. Despite the issuance of this final written decision, the Board never issued a trial certificate cancelling the claims pursuant to its authority under 37 C.F.R. § 42.80. Termination of Proceeding at 2, *Department of Justice v. Discovery Patents, LLC.*, No. IPR2016-01041 (P.T.A.B. Sept. 9, 2019), Paper No. 30. In the absence of a trial certificate, and having retained jurisdiction, the Board now has vacated its final written decision, *id.*, because the Supreme Court's decision in *Return Mail*, 139 S. Ct. 1853, dictates such an outcome.

The proceedings between the United States Postal Service ("Postal Service") and Return Mail, Inc. ("Return Mail") were similar to those in this case, involving a suit for infringement at this court brought by Return Mail, *see Return Mail, Inc. v. United States*, No. 11-130, 2013 WL 5569433 (Fed. Cl. Oct. 4, 2013), and a similar type of post-grant proceeding at the Board, *see*

---

[3]*Inter partes* review was created by the Leahy-Smith America Invents Act, *see* Pub. L. No. 112-29, § 6, 125 Stat. 284 (2011) ("AIA"), along with two other post-grant proceedings, post-grant review ("PGR"), *see id.*, and covered business method ("CBM") review, *see id.* at § 18. The court will refer to these three proceedings collectively as AIA "post-grant proceedings" or "post-issuance proceedings."

[4]The *inter partes* review petitions were: IPR2016-01035 for the '344 patent; IPR2016-01037, IPR2016-01038, and IPR2016-01039 for the '085 patent; and IPR2016-01040 and IPR2016-01041 for the '980 patent.

[5]The Board's decision to institute review came prior to the Supreme Court's decision in *SAS Institute, Inc. v. Iancu*, ___ U.S. ___, ___, 138 S. Ct. 1348, 1359-60 (2018) (requiring that the Board issue a final written decision addressing every patent claim challenged in an IPR). This timing therefore explains how the Board instituted review, and issued a final written decision, on only some of the challenged claims here.

Decision Institution of Covered Business Method Patent Review, *United States Postal Serv. v. Return Mail, Inc.*, No. CBM2014-00116 (P.T.A.B. Oct. 16, 2014), Paper No. 11.  In *Return Mail*, the Board issued its final written decision in the CBM review between the parties on October 15, 2015, finding the challenged claims unpatentable.  Final Written Decision at 3, *United States Postal Serv. v. Return Mail, Inc.*, CBM2014-00116 (P.T.A.B. Oct. 15, 2015), Paper No. 41.  Return Mail appealed this decision to the Federal Circuit on a number of grounds, *see* Patent Owner Return Mail, Inc.'s Notice of Appeal, *United States Postal Serv. v. Return Mail, Inc.*, CBM2014-00116 (P.T.A.B. Dec. 11, 2015), Paper No. 42, and in August 2017, the Federal Circuit affirmed, *see Return Mail, Inc. v. United States Postal Serv.*, 868 F.3d 1350, 1353 (Fed. Cir. 2017).  Return Mail then sought review of this decision in the Supreme Court, which granted *certiorari* as to question one of the petition on "whether the government is a 'person' who may petition to institute review proceedings under the AIA."  Petition for a Writ of Certiorari at i, *Return Mail*, 139 S. Ct. 1853 (No. 17-1594), 2018 WL 2412130, at *i.

The Supreme Court ultimately concluded that, "[A] federal agency is not a 'person' who may petition for post-issuance review under the [America Invents Act]." *Return Mail, Inc.*, 139 S. Ct. at 1867.  Thus, the Postal Service's challenge of Return Mail's patent through CBM review was improper.  This outcome, which broadly encompassed all three types of the AIA post-grant proceedings, also meant that the government's challenge in IPR2016-01041 to claims of plaintiffs' '980 patent was improper.  Hence, the Board *sua sponte* terminated the proceedings of IPR2016-01041 and vacated its previous finding of unpatentability.  *See* Termination of Proceeding at 3, *Department of Justice v. Discovery Patents, LLC.*, No. IPR2016-01041 (P.T.A.B. Sept. 9, 2019), Paper No. 30.  Because the IPR has been terminated, the claims of the '980 patent are enforceable.

Plaintiffs now seek to amend the complaint for a third time, *see* Pls.' Mot. for Leave to File Third Am. Compl. ("Pls.' Mot."), ECF No. 294, to add infringement contentions for claims 11-31 of the '980 patent.  Defendants opposed this motion and filed a response, *see* Defs.' Resp. to Pls.' Mot. for Leave to File Third Am. Compl. ("Defs.' Opp'n"), ECF No. 300, to which plaintiffs filed a reply, *see* Reply to Defs.' Resp. to Pls.' Mot. for Leave to File Third Am. Compl. ("Pls.' Reply"), ECF No. 301.  A hearing was held on September 10, 2019.  *See* Hr'g Tr. 4:14 to 54:6.

As the court has noted previously, this litigation has already seen extensive proceedings, including previous amendments to the complaint, numerous decisions on discovery motions, and claim construction.  *See, e.g.*, *3rd Eye Surveillance, LLC v. United States*, 143 Fed. Cl. 103 (2019) (addressing discovery disputes and listing prior decisions).  Plaintiffs, as their counsel notes, find themselves visited by good fortune in the form of the Board's recent decision to vacate its prior ruling rejecting claims of the '980 patent.  *See* Hr'g Tr. 6:10-12.  The current circumstances, however lucky, justify a grant of leave to amend.  The court sets forth further reasoning below in support of this disposition.

## STANDARDS FOR DECISION

Rule 15(a)(2) of the Rules of the Court of Federal Claims ("RCFC") provides that a party may amend its complaint "with [either] the opposing party's written consent or the court's

leave," which should be "freely give[n] when justice so requires." The decision to grant or deny leave to amend is "within the discretion of the trial court." *Mitsui Foods, Inc. v. United States*, 867 F.2d 1401, 1403 (Fed. Cir. 1989). RCFC 15 has been construed liberally, with the court generally granting leave to amend barring any "apparent or declared reason" not to permit amendment. *Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016), *aff'd*, 702 Fed. Appx. 988 (Fed. Cir. 2017) (citing *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) ("The Claims Court rules liberally provide for amendments of the complaint after the filing of the defendant's answer.")); *see also Stueve Bros. Farms, LLC v. United States*, 107 Fed. Cl. 469, 475 (2012) (rejecting "the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits").

The trial court should deny leave to amend only where there is evidence of "delay, bad faith, repeated failure to correct a complaint's deficiencies, undue prejudice to the opposing party, or if the amendment would be futile." *Marchena*, 128 Fed. Cl. at 330 (citing *A&D Auto Sales*, 748 F.3d at 1158); *see also Advanced Aerospace Techs., Inc. v. United States*, 130 Fed. Cl. 564, 568 (2017) ("Of course, when a proposed amendment is futile, leave to amend a pleading should not be granted."). An amendment would be futile if "it would not survive a motion to dismiss." *Marchena*, 128 Fed. Cl. at 330 (citing *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014)); *see also Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006). Thus, the "party seeking leave must proffer sufficient facts supporting the amended pleading [such] that the claim could survive a dispositive pretrial motion." *Marchena*, 128 Fed. Cl. at 330 (citation omitted).

## ANALYSIS

Defendants argue that the motion for leave should be denied as futile and unduly prejudicial. *See* Defs.' Opp'n at 12, 15, 20. Specifically, defendants argue that amendment would be futile because of principles of *res judicata* based on the Board's IPR decision in 2017, for alleging acts of indirect infringement for which the United States has not waived sovereign immunity, and for failing to state a claim under the *Iqbal/Twombly* test. *See id.* at 12-18.[6] Additionally, defendants argue that amendment would cause them undue prejudice because plaintiffs failed to be diligent in pursuing a revised complaint and the amendment would "expand this case radically" to the detriment of judicial economy. *See id.* at 20-22. These arguments are unconvincing.

### I. Futility

As to *res judicata*, the court notes that defendants' Opposition was filed prior to the Board's order vacating its decision in IPR2016-01041, and thus many of defendants' arguments are now moot. Further, the court is unconvinced that any estoppel should attach to the now-

---

[6]*See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a complaint to "state a claim to relief that is plausible on its face").

5

vacated final written decision from the Board. Similar to an IPR outcome upholding the patentability of the challenged claims, by vacating the decision in IPR2016-01041, the Board reinstated its post-prosecution decision of patentability of the '980 patent claims. When the Board issues a final written decision in favor of the patentee upholding the patentability of the claims, a court is not bound by this outcome. *Compare* Final Written Decision at 4, *Coalition for Affordable Drugs v. Acorda Therapeutics, Inc.*, IPR2015-01850 (P.T.A.B. March 9, 2017) (finding the petitioner failed to demonstrate that the challenged claims are unpatentable), Paper No. 72, *with Acorda Therapeutics, Inc. v. Roxane Labs., Inc.*, No. 14-882-LPS, 2017 WL 1199767, at *41 (D. Del. March 31, 2017), *aff'd, Acorda Therapeutics, Inc. v. Roxane Labs., Inc.*, 903 F.3d 1310, 1342 (Fed. Cir. 2018) (concluding that some of the challenged claims were invalid). These divergent outcomes likely result from differing standards governing each proceeding. That is, the Board applies no presumption of validity, *see* 35 U.S.C. § 282(a), has an evidentiary standard of preponderance of the evidence, 35 U.S.C. § 316(e), and the available challenges and scope of the prior art are limited, 35 U.S.C. § 311 (limiting possible grounds for challenge to those "that could be raised under section 102 or 103 [of title 35] and only on the basis of prior art consisting of patents or printed publications"). Courts on the other hand, including this one, presume patent validity, *see* 35 U.S.C. § 282(a), apply a clear and convincing evidentiary standard, *see Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011), and may find invalidity under all available defenses, *see Motorola, Inc. v. United States*, 729 F.2d 765, 769 (Fed. Cir. 1984) (quoting 28 U.S.C. § 1498, Revisor's Notes). Because of these differences, the court will not apply estoppel here as it relates to the validity of the '980 patent claims, therefore, finding no futility of amendment in this regard.

The court does, however, credit defendants' arguments that plaintiffs' proffered amended complaint wrongfully alleges "indirect" infringement. *See* Defs.' Opp'n at 15 (citing *Motorola*, 729 F.2d at 768 n.3). Plaintiffs have agreed to revise their proposed third amended complaint to remove all references to indirect infringement. Pls.' Reply at 10. Consequently, this argument is moot. Defendants also argue that plaintiffs' proposed third amended complaint includes claims for joint infringement, particularly, allegations of "the United States . . . doing something in conjunction with local authorities." Hr'g Tr. 16:23 to 17:4. But the court does not agree. Nothing on the face of the allegations in the third amended complaint suggests allegations of joint infringement. As this case has progressed, albeit slowly and painstakingly, it is simply too early in the discovery process to know if the alleged infringement is indeed performed by multiple actors or by the United States as one entity.[7]

Defendants also argue that amendment would be futile because plaintiffs' allegations fail to state a claim on which relief can be granted. *See* Defs.' Opp'n at 15-20. At issue is whether

---

[7]As 28 U.S.C. § 1498 explicitly notes, "[T]he use or manufacture of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the Government and with the authorization or consent of the Government, shall be construed as use or manufacture for the United States." Therefore, even if a subcontractor is performing a necessary element of the claim, this behavior is still attributable to one single entity, and is compensable direct infringement under Section 1498.

plaintiffs' factual allegations "plausibly suggest an entitlement to relief." *Iqbal*, 556 U.S. at 681. The court has previously addressed similar motions on this issue, *see, e.g.*, *3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39, 58 (2018), and finds no differently today that "[t]aken at this stage of the pleadings, where the court is required to accept plaintiffs' factual allegations as true, it cannot be said that the amendment would be futile [for failure to state a claim]." *Id*. Simply because this is a complicated case, involving multiple systems and claims over a large geographic area, does not mean that the allegations are implausible. *See* Hr'g Tr. 17:11-22 ("[T]his is [] a very complicated case. Now, I mention that because I think that puts us squarely in the *Iqbal/Twombly* category of authorities."). Because the court finds that plaintiffs state plausible claims for relief, the proffered amendment would not be futile.

## II. Undue Prejudice

Defendants additionally argue that allowing plaintiffs to amend the complaint would cause them undue prejudice because plaintiffs were not diligent in proceeding with the proffered revised complaint, and the amendment would cause the case to be expanded greatly. *See* Defs.' Opp'n at 20-24. Prejudice is typically found where an amendment would result in "unfair surprise, a broadening or fundamental change in the issues litigated, or prompting further discovery or a need for significant new preparation." *RMA Eng'g S.A.R.L. v. United States*, 140 Fed. Cl. 191, 243 (2018) (citing *Cencast Servs., L.P. v. United States*, 729 F.3d 1352, 1363-64 (Fed. Cir. 2013)). While plaintiffs' third amended complaint does add claims, thus likely expanding the case, it does not do so unfairly.[8] Plaintiffs' initial complaints alleged infringement of all claims of '980 patent, including those seeking to be added here. *See, e.g.*, Pls.' Compl. ¶¶ 24-28; Pl.'s First Am. Compl. ¶¶ 46, 48, 83. Not until their second amended complaint did plaintiffs remove the infringement contentions for claims 11-31 of the '980 patent, and then only in response to the instituted IPR. Thus, even if defendants remain surprised either by the Supreme Court's decision in *Return Mail* or the Board's recent vacatur of its decision in IPR2016-01041, they cannot claim to be *unfairly* surprised by plaintiffs' motion to re-introduce these claims. While the court, like the parties, strives for prompt action on claims, it cannot be said that the amendment sought here is unduly prejudicial, despite the potential need to revisit matters previously thought concluded. Accordingly, beyond needing to continue to litigate this complex infringement suit, the court does not find that the amended complaint will cause defendants any significant prejudice.

## CONCLUSION

For the reasons stated, the court determines the proposed amendments would neither be futile nor unduly prejudicial. The court therefore concludes that good cause has been shown.

---

[8]Defendants' arguments regarding the inclusion of claim 56, a means-plus-function claim, in the amended complaint have merit. But just as with claims of "indirect" infringement, the plaintiffs have agreed to remove any reference to claim 56 of the '085 patent as present in the proposed third amended complaint. Pls.' Reply at 10.

Plaintiffs' motion for leave to file their third amended complaint is GRANTED. Plaintiffs shall file a revised third amended complaint on or before October 11, 2019.

It is so **ORDERED**.

s/ Charles F. Lettow  
Charles F. Lettow  
Senior Judge