# In the United States Court of Federal Claims

No. 15-501C

(Filed Under Seal: November 20, 2020)

(Reissued: November 30, 2020)

| | |
|---|---|
| **3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> **and** <br><br> **ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, NORTHROP GRUMMAN SYSTEMS CORPORATION, and VIDSYS, INC.**, <br><br> Defendant-Intervenors. | Patent case; motion for partial summary judgment of infringement; cross-motion for judgment of noninfringement; 28 U.S.C. § 1498(a); "all elements" rule; evidence in dispute as to one element |

Michelle D. Daniel, Kennedy Law, P.C., Dallas, Texas, for the plaintiffs. With her on briefs was Steven A. Kennedy, Kennedy Law, P.C., Dallas, Texas.

Lee Perla, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on briefs were Ethan P. Davis, Acting Assistant Attorney General, Civil Division, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

Kurt G. Calia, Covington & Burling LLP, Palo Alto, California, for defendant-intervenor Elbit Systems of America, LLC. With him on briefs were Ranganath Sudarshan, Matthew Kudzin, Grant D. Johnson, Yiye Fu, Jennifer D. Cieluch, and Ryan Roberts, Covington & Burling LLP, Palto Alto, California.

Scott Andrew Felder, Wiley Rein, LLP, Washington, D.C., for defendant-intervenor General Dynamics One Source LLC.

Gregory H. Lantier, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corporation.

David R. Yohannan, Yohannan Law, Alexandria, Virginia, for defendant-intervenor Vidsys, Inc.

## OPINION AND ORDER[1]

LETTOW, Senior Judge.

Claims of three patents are at issue: U.S. Patent No. 6,778,085 (the "'085 Patent"), titled "Security System and Method with Realtime Imagery;" U.S. Patent No. 6,798,344 (the "'344 Patent"), titled "Security Alarm System and Method with Realtime Streaming Video;" and U.S. Patent No. 7,323,980 (the "'980 Patent"), titled "Security System and Method with Realtime Imagery." As to one allegedly infringing system, plaintiffs 3rd Eye Surveillance, LLC and Discovery Patents, LLC ("plaintiffs") move for partial summary judgment against the United States ("the government" or "defendant") and defendant-intervenor Elbit Systems of America, LLC ("Elbit"). *See* Pls.' Mot for Partial Summ. J. ("Pls.' Mot.") ECF No. 363. Plaintiffs contend that Elbit's "Peregrine" system infringes on the '085, '344, and '980 Patents. *See id.* The government, through a contract with Elbit, uses the Peregrine system at facilities near United States' border with Mexico. *See* Hr'g Tr. 9:12-21 (Sept. 23, 2020).[2] The government and Elbit (collectively "defendants"), in turn, cross-move for summary judgment, arguing that plaintiffs have failed to provide evidence that the Peregrine system embodies all elements of the claims at issue. *See* Elbit Systems of America, LLC and United States' Joint Resp. to Pls.' Mot. for Partial Summ. J. and Cross-Mot. for Summ. J. of Noninfringement ("Defs.' Cross-Mot."), ECF No. 376. The parties have completed briefing. *See* Pls.' Reply and Resp. ("Pls.' Reply"), ECF No. 384; Elbit and United States' Joint Reply (Defs.' Reply"), ECF No. 388; Pls.' Surreply, ECF No. 392-1; Elbit and United States' Joint Resp. to Pls.' Surreply (Defs.' Resp. to Pls.' Surreply"), ECF No. 405-1. The court held a hearing, and the cross-motions are ready for disposition.

---

[1] Because of the protective order entered in this case, this opinion was being initially filed under seal. The parties were requested to review this opinion and to submit proposed redactions of any confidential or trade secret material. The parties submitted jointly proposed redactions, extensive in scope, but reasonable given the subject matter. The court accepts the proposed redactions, shown as asterisks enclosed by brackets, *e.g.*, "[***]."

[2] The date will be omitted from future citations to the transcript of the hearing held on September 23, 2020.

## BACKGROUND[3]

### A. The '085, '344, '980 Patents

The '344 Patent was filed on October 17, 2002 and issued September 28, 2004. U.S. Patent No. 6,798,344. The '085 Patent and the '980 Patent were filed as continuation-in-part applications to the '344 Patent on January 10, 2003 and August 2, 2004, respectively. *See* U.S. Patent No 6,778,085 (issued Aug. 17, 2004); U.S. Patent No. 7,323,980 (issued Jan. 29, 2008). Plaintiff 3rd Eye Surveillance, LLC is the exclusive licensee of all three patents, and plaintiff Discovery Patents, LLC is the assignee. Pls.' Fourth Am. Compl. ¶¶ 14-15, ECF No. 323. The '980 Patent describes itself as "enhanc[ing] security alarm systems, and security services in general, by providing secure real-time video or image information, as well as other pertinent information relating to the emergency, to the appropriate emergency response agency or agencies." '980 Patent col. 1, lines 59-63 (language is representative of all three patents). The '344 Patent sets out 16 claims, the '085 Patent has 56 claims, and the '980 Patent contains 31 claims. '344 Patent cols. 8-10; '085 Patent cols. 11-16; '980 Patent cols. 12-14.

The patented inventions claim a three-part structure—an imaging device at a secured location, a central station, and response agencies. *See, e.g.*, '980 Patent fig. 2, col. 1. These three components are connected by a network connection, such as the internet. *See* '980 Patent col. 4, lines 62-66. When an alarm is triggered at the secured location, real-time imagery is transmitted from the imaging device located at the secured location to the central station. '980 Patent col. 4, lines 7-11. The central station then receives and processes the imagery. '980 Patent col. 4, lines 11-13. Imagery can be displayed or recorded at the central station, if desired. '980 Patent col. 4, lines 12-14. From the central station, imagery is simultaneously transferred to an emergency response agency. '980 Patent col. 4, lines 19-24.

### B. The Peregrine System

Elbit provided the United States government with the Peregrine system pursuant to the Integrated Fixed Towers procurement, awarded by the Department of Homeland Security. *See* Pls.' Mot. at 6; *see also* Def.'s Mot. to Notify Interested Party at A171, ECF No. 25-1.[4] Elbit

---

[3] The following recitations do not constitute findings of fact by the court. Instead, the recited factual elements are taken from the relevant complaint and the parties' briefs and attached appendices.

[4] This action potentially relates to a number of federal installations and systems, which breadth and scope has complicated discovery and other pretrial steps. To address this circumstance, the court recently "rein[ed] in the scope of the case by limiting plaintiffs' discovery requests to 11 potential infringing systems that will serve as bellwethers for further proceedings." Order of July 28, 2020, ECF No. 381. On August 14, 2020, plaintiffs designated 11 bellwether systems, *see* Pls.' Notice, ECF No. 385, the first of which, Elbit's Peregrine System, is the subject of the pending cross-motions.

describes the Peregrine system as containing two main components—a command and control [***]. Defs.' Cross-Mot. Ex. A at 2, 15. [***]. Pls.' Mot. Ex. 4 (Decl. of Richard Barrett, Senior Dir. of Engr. at EFW, Inc., a subsidiary of Elbit ("Barrett Decl.")) ¶ 7, ECF No. 363-4. [***]. *Id.* ¶ 9. [***]. *Id.* ¶ 11. [***]. *Id.* [***]. Elbit's Mot. for Leave to File Sur-Reply Ex. A § 1.4.2.3.7, ECF No. 275-2 ("ECF No. 275-2"). [***]. *Id.*

### C. Procedural History

Plaintiffs first filed suit against the United States in May 2015, alleging patent infringement under 28 U.S.C. § 1498(a). *See* Pls.' Compl., ECF No. 1. The court issued its opinion on claim construction on September 25, 2018. *See 3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39 (2018), ECF No. 243. After plaintiffs filed three amended complaints, *see* ECF Nos. 22, 221, 308, the parties emphasized discovery. The parties exchanged various documents, including descriptions of the Peregrine System. *See, e.g.*, Defs.' Cross-Mot. Ex. A; ECF No. 275-2. Elbit provided a declaration from Elbit Senior Director of Engineering, Richard Barrett. Barrett Decl. Mr. Barrett stated that he was "familiar with both the hardware and software used in the Peregrine system," *id.* ¶ 2, and that Peregrine did not transmit real-time imagery to a response agency, *id.* ¶ 14. Drawing upon Mr. Barrett's lead, defendant and Elbit principally contend that plaintiffs have failed to establish that the Peregrine system has a three-part structure and particularly that real-time imagery is not transmitted to an emergency response agency. Defs.' Cross-Mot. at 2. Contrastingly, plaintiffs argue that the information included in the Barrett declaration provides "sufficient [detail] to establish infringement" as to their claims. Pls.' Mot. at 6.

### STANDARDS FOR DECISION

#### A. *28 U.S.C. § 1498(a)*

Pursuant to 28 U.S.C. § 1498, the United States has waived sovereign immunity and granted this court exclusive jurisdiction to adjudicate patent infringement claims against the federal government "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same." 28 U.S.C. § 1498(a); *see FastShip, LLC v. United States*, 892 F.3d 1298, 1303 (Fed. Cir. 2018), *aff'g* 122 Fed. Cl. 71, 78 (2015) (recognizing that Section 1498 grants this court jurisdiction over patent infringement claims against the United States); *Hitkansut LLC v. United States*, 130 Fed. Cl. 353, 367 (2017), *aff'd*, 721 Fed. Appx. 992 (Fed. Cir. 2018). Moreover, the statute additionally provides that "the *use or manufacture* of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the [g]overnment and with the authorization or consent of the [g]overnment, shall be construed as use or manufacture for the United States." 28 U.S.C. § 1498(a) (emphasis added). Such an unauthorized "use or manufacture of an invention" under Section 1498(a) is analogous to a taking of property under the Fifth Amendment of the United States Constitution. *See Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984). The government's "taking" of a nonexclusive and compulsory license to any United States patent occurs "as of the instant the invention is first used or

manufactured by [or for] the [g]overnment." *Decca Ltd. v. United States*, 640 F.2d 1156, 1166 (Ct. Cl. 1980).

The government has waived sovereign immunity only for the compulsory taking of a non-exclusive patent license, and the government's liability under 28 U.S.C. § 1498 diverges from private liability under 35 U.S.C. § 271:

> Government liability under Section 1498 arises from the "use[ ] or manufacture[ ] by or for the United States." There is no mention of liability for a "sale" to the United States of a device covered by a patent. In contrast, with respect to private liability for patent infringement, the "sale" of a patented device is specifically defined in 35 U.S.C. § 271 as an act of infringement . . . .

*de Graffenried v. United States*, 25 Cl. Ct. 209, 215 (1992) (alteration in original); *compare* 28 U.S.C. § 1498, *with* 35 U.S.C. § 271.[5]

## B. *Patent Infringement*

The court determines whether the government has engaged in direct infringement of a patent using a two-step process that parallels the analysis for infringement litigation between private parties. *Lemelson v. United States*, 752 F.2d 1538, 1548 (Fed. Cir. 1985); *Casler v. United States*, 15 Cl. Ct. 717, 731 (1988), *aff'd*, 883 F.2d 1026 (Fed. Cir. 1989). First, the court construes the claims of the patent; then, it compares those claims to the characteristics of the accused product or process. *See JVW Enters. v. Interact Accessories, Inc.*, 424 F.3d 1324, 1329 (Fed. Cir. 2005). The court has already completed claims construction in this case, *see 3rd Eye*, 140 Fed. Cl. 39, and has reached the second step. When comparing the patent claims to the accused device or process, the plaintiff bears the burden of proving by a preponderance of the evidence that *every limitation* set forth in a patent claim is present in the accused device or process either literally or by a substantial equivalent. *See FastShip*, 122 Fed. Cl. at 78 (citing *Boeing Co. v. United States*, 69 Fed. Cl. 397, 426 (2006) ("'[E]ach element of a claim is material and essential, and . . . for a court to find infringement, the plaintiff must show the presence of every element [for literal infringement] or its substantial equivalent [for infringement under the doctrine of equivalents] in the accused device.'") (alteration in original) (quoting *Lemelson*, 752 F.2d at 1551)). The plaintiff's failure to meet even one element within a claim, literally or by its substantial equivalent, negates a finding of infringement. *See Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). This standard is commonly referred to as the "all

---

[5] Section 271 of Title 35 of the United States Code provides in relevant part:

> (a) . . . whoever without authority *makes, uses, offers to sell, or sells* any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a) (emphasis added).

5

elements" rule. *See TDM Am., LLC v. United States*, 92 Fed. Cl. 761, 768 (2010), *aff'd*, 471 Fed. Appx. 903 (Fed. Cir. 2012); *see also Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997).

### C. *Summary Judgment*

A grant of summary judgment is appropriate when the pleadings, affidavits, and evidentiary materials filed in a case demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." RCFC 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if it might "return a verdict for the nonmoving party." *Id*. If "the record taken as a whole [cannot] lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" and summary judgment is appropriate. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

The burden of demonstrating the absence of any genuine dispute is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Accordingly, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." *Matsushita*, 475 U.S. at 587-88 (alteration in original) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). The nonmoving party may defeat summary judgment by presenting material facts of its own, more than "[m]ere denials or conclusory statements," that indicate "an evidentiary conflict created on the record." *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984). To establish "that a fact cannot be or is genuinely disputed," a party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." RCFC 56(c)(1)(A).

When both parties have moved for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987) (citation omitted). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other." *Id*. "To the extent there is a genuine issue of material fact, both motions must be denied." *Marriott Int'l Resorts, L.P. v. United States*, 586 F.3d 962, 969 (Fed. Cir. 2009) (citation omitted).

## ANALYSIS

Plaintiffs seek partial summary judgment as to two claims of the '980 Patent, one claim of the '344 Patent, and two claims of the '085 Patent. Pls.' Mot. The government and Elbit's cross-motion for summary judgment argues that plaintiffs have failed to allege sufficient evidence of infringement. Defs.' Cross-Mot. Specifically, defendants argue that plaintiffs have not alleged that the Peregrine system has a three-part structure, transmits imagery to a response agency, and transmits real-time images or video, elements of all three patents. *Id*. at 14-22.

Defendants additionally cite plaintiffs' lack of evidence as to the "method of securing a location" required for the '980 Patent and the '085 Patent. *Id.* at 22-24. Defendants therefore argue that the claims as to Elbit should be dismissed due to failure to meet the "all elements" rule. *Id.* at 2; Hr'g Tr. 47:12-16. In effect, the parties particularly focus on the role and function of [***].

### A. Factual Disputes

The validity of plaintiffs' infringement claims, and therefore the success of both sides' summary judgment motions, turn on the number of components the Peregrine system has, the function of [***], [***]. Plaintiffs argue that Peregrine consists of three components as specified in their patents. According to plaintiffs, [***]. *See* Pls' Mot at 7-8. [***]. *Id.* at 7. [***]. *Id.* at 7-8. [***]. *See* Hr'g Tr. 16:9 to 17:15. In support of these contentions, plaintiffs principally cite the Barrett declaration and documents provided by Elbit during discovery that detail the technical specifications of the Peregrine system. *See* Pls.' Mot. 6-12. Defendant and Elbit argue that Peregrine [***]. Defs.' Cross-Mot. 15-17. Particularly, defendants state that plaintiffs have made "no showing that [***]. *Id.* at 17. Contravening the plaintiffs' contentions, defendants claim that the Barrett declaration and select Elbit documents, *see, e.g.*, ECF No. 275-2, do not demonstrate infringement and instead establish categorically that the Peregrine system does not infringe on plaintiffs' patents, *see* Defs.' Cross-Mot. at 2. The principal questions disputed by the parties are [***].

As to the first question, defendants argue that plaintiffs have failed to establish [***]. Hr'g Tr. 33:10-14. [***]. Barrett Decl. ¶ 11. [***]. *Id.* [***]. ECF No. 275-2 § 1.4.2.3.7-1. [***]. *Id.* § [***].

The language used by Barrett, according to defendants, does not indicate that there is any [***]. *See* Hr'g Tr. 39:15 to 40:2. Barrett states that [***]. ECF No. 275-2 §1.4.2.3.7-2. Plaintiffs aver that this language implies [***]. Hr'g Tr. 16:1-3. Additionally, [***]. ECF No. 275-2 § 1.4.2.3.7-1. According to plaintiffs, this [***]. *See, e.g.*, Pls.' Mot. at 8-9. [***], by plaintiff's argument, would be distinct from [***]. *See id.* at 9. The parties cite the same language in the Barrett declaration and other documents to support their contentions, arguing that the documents unambiguously support their own positions. Nonetheless, when viewing the evidence in the light most favorable to the nonmoving party as required to evaluate the cross-motions for summary judgment, the evidence could support either position.

Regarding the second question, defendants argue that [***] within the definition established at claim construction. Defs.' Cross-Mot. at 16-17. Despite the parties' contentions, the documents do not demonstrate [***]. In the opinion on claim construction, the court defined "response agencies" and closely associated terms referenced in the patents as "a federal, state, or local organization capable of responding to an emergency or perceived emergency." *3rd Eye*, 140 Fed. Cl. at 62. [***]. While the United States government, and CBP particularly, conduct border control operations, it is not evident if or to what extent [***]. *See* Hr'g Tr. 54:14 to 55:5. The parties have not engaged in discovery on this point. *See* Hr'g Tr. 45:25 to 46:4. Viewing the evidence in the light most favorable to the nonmoving party, the court could not draw a conclusion in favor of either party. Because the court cannot resolve such a factual dispute on summary judgment, the court cannot determine whether [***].

[***]. This is a genuine dispute of fact which cannot be decided on summary judgment. Further, Plaintiffs argue that [***]. Pls.' Mot. 10-11. Defendants assert, to the contrary, that [***]. Defs.' Cross-Mot. at 21. [***].

Despite these factual disputes, each side argues that the current documents provide sufficient support for granting their motion. *See, e.g.*, Hr'g Tr. 25:11-14 (Mr. Kennedy: "I would submit . . . that the document means what it says, and it should not be given any . . . less weight simply because we have not had discovery on it."); Hr'g Tr. 47:1-3 (Mr. Calia: "[W]e believe [there is] sufficient information for the Court to conclude that there is not infringement."). Even so, the parties acknowledge that no additional discovery has occurred on the document filed at ECF No. 275-2 or on the questions listed above. *See, e.g.*, Hr'g Tr. 22:10-13 (Mr. Kennedy: "[W]e do not have discovery concerning that exact document . . . ."). Contrary to the parties' arguments, the current factual record does not provide sufficient answers to the salient questions. To grant summary judgment, the court must view all the evidence in the light most favorable to the nonmoving party, *Matsushita*, 475 U.S. at 587-88, and the moving party must demonstrate that there are no disputed facts that can materially affect the outcome, *Anderson*, 477 U.S. at 248. The court cannot weigh evidence on summary judgement. *Id*. at 249. Neither side has met its burden of showing that no genuine disputes of material fact remain, and the court cannot resolve these competing contentions on summary judgment.

### B. The '980 Patent

Plaintiffs seek summary judgment as to claims 1 and 31 of the '980 Patent. Pls.' Mot. at 6-10. Claim 1 contains seven elements: "[a] security system comprising:" (1) "an imaging device positioned at a secured location," (2) "a computer system associated with a security system central monitoring station, said computer system configured to:" (3) "receive real-time imagery data from said secured location," (4) "process the received imagery data," (5) "generate additional information associated with the received imagery data," (6) "identify an appropriate response agency from amongst a plurality of response agencies based on at least one of the additional information and the imagery data," and (7) "transmit the received imagery data and the additional information to a computer system associated with a response agency." '980 Patent col. 12, lines 36-51.

Claim 31 is "a method of securing a location comprising" five steps: (1) "generating real-time imagery of a secured location;" (2) "transmitting the real-time imagery to a security system central station over a network connection;" (3) "processing the real-time imagery at the security system central station;" (4) "transmitting the real-time imagery from the security system central station to a response agency over a network connection;" and (5) "displaying the real-time imagery at the response agency, wherein the response agency is identified from amongst a plurality of response agencies by a computer system at the security system central station." '980 Patent, col. 14, lines 48-61.

Infringement on elements 1, 2, and 3 of Claim 1 and elements 1 and 2 of Claim 31 are not seriously contested. Peregrine is a security system that [***]. Barrett Decl. ¶ 6. [***]. *Id*. ¶ 9. Defendants contend that Peregrine does not meet the remaining four elements of Claim 1 and the

8

remaining three elements of Claim 31, and thus a finding of noninfringement is appropriate under the all elements rule. Defs.' Cross-Mot. at 14-24.

As previously discussed, resolution of these claims requires the court to make factual determinations which it cannot make on summary judgment. Material disputes of fact remain as to [***] within the court's claim construction. *See supra.* Neither party has met its burden, and, therefore, the court must deny both cross-motions as to the '980 Patent.

### C. The '344 Patent

Plaintiffs seek summary judgment as to claim 6 of the '344 Patent as representative of the various claims at issue. Pls.' Mot. at 10-11. Claim 6 includes a "method of providing realtime video in a security alarm system." '344 Patent col. 8, lines 62-63. That method is comprised of four steps: (1) "generati[on of] a realtime video signal at a secured location," (2) "transmi[ssion of] the realtime video from the secured location to a security systems central station over a communications link," (3) "transmi[ssion of] the realtime video signals from the central station to the emergency response agency over a communications link," and (4) "display[] [of] realtime video of the secured location at the emergency response agency based on the realtime video signal transmitted from the secured location." '344 Patent col. 8, lines 64-67, col. 9, lines 1-6. The parties do not dispute that the Peregrine system meets the first two steps of the method. [***]. Barrett Decl. ¶¶ 6-9, 13. [***]. *Id.* ¶ 13 [***]. [***].

Plaintiffs argue that paragraphs 11 and 16 of the Barrett declaration, as well as the document filed at ECF No. 275-2, establish the factual bases for infringements as to steps 3 and 4. Pls.' Mot. at 10-11. Defendants counter that the very words of Barrett's declaration establish noninfringement, namely that the Peregrine System [***]. Barrett Decl. ¶ 16. However, these contentions rest on the assumption that [***]. As discussed above, neither side has met its burden to show that there is no material dispute of fact as to [***]. *See supra.* Therefore, while the court finds that plaintiffs have established infringement as to steps one and two of the '344 Patent claim 6, genuine disputes of fact as to steps three and four bar summary judgment.

### D. The '085 Patent

Plaintiffs seek summary judgment as to claims 38 and 55 of the '085 Patent. Pls.' Mot. at 11-12. Claim 38 requires a "method of securing a location" that (1) "generat[es] realtime imagery of a secured location," (2) "transmit[s] the realtime imagery to a security system central station over a network connection," (3) "process[es] the real-time imagery at the central station," (4) "transmit[s] the realtime imagery from the security system central station to an emergency response agency over a network connection," and (5) "display[s] the realtime imagery at the emergency response agency. '085 Patent col. 14, lines 43-57. Claim 55 includes the method described in claim 38, "wherein the security system central station is associated with a government agency." '085 Patent col. 16, lines 23-24.

9

As with claim 31 of the '980 patent and claim 6 of the '344 patent, the first two elements of claim 38 are not contested.  The Peregrine [***].  Barrett Decl. ¶ 13.  Additionally, claim 55 is not contested insofar as the Peregrine [***].  *Id*. ¶ 6 [***].

Elements 3, 4, and 5 all turn on resolution of the factual issues.  Settling the parties' arguments requires the court to determine [***].  These are material dispute of fact which bar granting either side's summary judgment motion.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for partial summary judgment is DENIED and the government and Elbit's cross-motion for summary judgment is DENIED.  The parties shall proceed with discovery as scheduled, to be adjusted in accord with circumstances attendant to the disposition of these motions.  The court will issue a separate order in that regard.

It is so **ORDERED**.

                                                s/ Charles F. Lettow
                                                Charles F. Lettow
                                                Senior Judge