# In the United States Court of Federal Claims

No. 15-501C

(Filed: January 13, 2022)

|  |  |
|---|---|
| **3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC,** ) ) ) ) Plaintiffs, ) ) v. ) ) **UNITED STATES,** ) ) Defendant, ) ) **and** ) ) **ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, and NORTHROP GRUMMAN SYSTEMS CORPORATION,** ) ) ) ) ) ) ) Defendant-Intervenors. ) ) | Patent case; plaintiffs' motion for partial summary judgment on defendants' affirmative defense of invalidity under 35 U.S.C. § 112 |

Stephen A. Kennedy, Kennedy Law, P.C., Dallas, Texas, for plaintiffs.

James P. Hughes, Trial Attorney, Intellectual Property Section, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the brief were Sarah Harrington, Deputy Assistant Attorney General, Civil Division, and Gary L. Hausken, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

Kurt G. Calia, Covington & Burling LLP, Palo Alto, California, for defendant-intervenor Elbit Systems of America, LLC. Of counsel were Ranganath Sudarshan, Matthew Kudzin, Yiye Fu, Jennifer D. Cieluch, and Ryan Roberts, Covington & Burling LLP, Palo Alto, California.

Scott A. Felder, Wiley Rein, LLP, Washington, D.C., for defendant-intervenor General Dynamics One Source LLC.

Gregory H. Lantier, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corporation. With him on the brief was Andrew E. Shipley, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C.

## OPINION & ORDER

LETTOW, Senior Judge.

Pending before the court in this patent infringement case is plaintiffs' motion for partial summary judgment as to defendants' affirmative defense of invalidity under 35 U.S.C. § 112. *See* Pls.' Mot. for Partial Summ. J. ("Pls.' Mot."), ECF No. 530.  At issue is defendants' affirmative defense that claim 6 of U.S. Patent No. 6,798,344 (the "'344 Patent"), claim 38 of U.S. Patent No. 6,778,085 (the "'085 Patent"), and claims 1, 11, and 31 of U.S. Patent No. 7,323,980 (the "'980 Patent") are invalid for indefiniteness.[1]  Plaintiffs argue that summary judgment should be granted because (1) defendants failed to raise this argument at claim construction and thus are barred from raising it now and (2) the claims are not invalid for indefiniteness under Section 112.  Pls.' Mot. at 1-2.  Defendant United States and Defendant-Intervenors Elbit Systems of America, LLC, General Dynamics One Source LLC, and Northrop Grumman Systems Corporation (collectively "defendants") oppose the motion, arguing that the defense was timely raised and that there is a genuine issue of material fact as to whether the challenged claims are indefinite.  *See* Defs.' Opp'n, ECF No. 545.  The parties have completed briefing, and the motion is ready for disposition.

For the reasons stated, plaintiffs' motion is DENIED.

## BACKGROUND[2]

Plaintiff Discovery Patents, LLC is the assignee of all three patents at issue and plaintiff 3rd Eye Surveillance, LLC is the exclusive licensee of each patent.  *See* Pls.' Fourth Am. Compl. ¶¶ 14-15, ECF No. 323.  The application for the '344 Patent was filed on October 17, 2002, and the patent issued September 28, 2004.  *See* '344 Patent.  The applications for the '085 Patent and the '980 Patent were filed as continuation-in-part applications to the '344 Patent on January 10, 2003 and August 2, 2004, respectively; they issued on August 17, 2004 and January 29, 2008. *See* '085 Patent; '980 Patent.  The '980 Patent describes itself as "enhanc[ing] security alarm systems, and security services in general, by providing secure real-time video or image information, as well as other pertinent information relating to the emergency, to the appropriate emergency response agency or agencies."  '980 Patent col. 1, lines 59-63 (text representative of all three patents).  The '344 Patent sets out 16 claims, the '085 Patent sets out 56 claims, and the '980 Patent sets out 31 claims.  *See* '344 Patent cols. 8-10; '085 Patent cols. 11-16; '980 Patent cols. 12-14.

---

[1] These patents were issued prior to the enactment of the Leahy-Smith America Invents Act ("AIA"), Pub. L. No. 118-79, 125 Stat. 284 (2011).  Consequently, all references in this decision to 35 U.S.C. § 112 are to the pre-AIA version.

[2] The following recitations do not constitute findings of fact by the court.  Instead, the recited factual elements are taken from the relevant complaint and the parties' briefs and attached appendices.

The patented inventions claim a three-part structure: an imaging device at a secured location, a central station, and emergency response agencies. *See, e.g.*, '344 Patent col. 3, line 46 to col. 4, line 15. The imaging device at the secured location sends real-time imagery to the central station in the event an alarm is triggered. *See* '344 Patent col 3., lines 56-60. The central station then receives, processes, and displays the imagery sent from the secured location. *See* '344 Patent col. 3., lines 60-64. From the central station, the imagery is simultaneously transmitted to one or more emergency response agencies. *See* '344 Patent col. 3, line 65 to col. 4, line 2. The transmission from the secured location to the central station and from the central station to the emergency response agencies is done via a high-speed communications link, such as the internet. *See* '344 Patent, col. 2, lines 19-22; col. 3, lines 53-55.

Plaintiffs first filed suit against the government in May 2015, alleging patent infringement of these three patents under 28 U.S.C. § 1498(a). *See* Pls.' Compl., ECF No. 1. At various times thereafter each of the intervenors entered the case. The court issued its opinion on claim construction on September 25, 2018. *See 3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39 (2018), ECF No. 243. Defendants filed their joint invalidity contentions on August 5, 2021, alleging that the claims are invalid for indefiniteness under 35 U.S.C. § 112 for using functional language and that the claims lack enablement and written description. Defs.' Invalidity Contentions at 2, ECF No. 515.[3] Fact and expert discovery have not yet closed. Plaintiffs contend that defendants' indefiniteness argument is barred because they did not raise the argument at or prior to the claim construction hearing, and that alternatively, defendants have failed to meet their burden of proving the Section 112 defense. *See generally* Pls.' Mot. In opposition, defendants counter that they timely raised the Section 112 defense as early as December 18, 2017, *see* ECF No. 178 ("Preliminary Invalidity Contentions"), before claim construction, and that there are genuine issues of material fact as to whether the challenged claims are invalid. *See generally* Defs.' Opp'n.

**STANDARDS FOR DECISION**

*A.   28 U.S.C. § 1498(a)*

Pursuant to 28 U.S.C. § 1498, the United States has waived sovereign immunity and granted this court exclusive jurisdiction to adjudicate patent infringement claims against the federal government "[w]henever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner thereof or lawful right to use or manufacture the same." 28 U.S.C. § 1498(a); *see FastShip, LLC v. United States*, 892 F.3d 1298, 1303 (Fed. Cir. 2018), *aff'g* 122 Fed. Cl. 71, 78 (2015) (recognizing that Section 1498 grants this court jurisdiction over patent infringement claims against the United States); *see also Hitkansut LLC v. United States*, 130 Fed. Cl. 353, 367 (2017), *aff'd*, 721 Fed. Appx. 992 (Fed. Cir. 2018). Moreover, the statute additionally provides that "the *use or manufacture* of an invention described in and covered by a patent of the United States by a contractor, a subcontractor, or any person, firm, or corporation for the [g]overnment and with the

---

[3] Defendants also raise affirmative defenses under 35 U.S.C. §§ 101, 102, and 103 in their invalidity contentions. Defs.' Invalidity Contentions at 55-80. Plaintiffs seek partial summary judgment only as to the 35 U.S.C. § 112 defense at this time.

authorization or consent of the [g]overnment, shall be construed as use or manufacture for the United States." 28 U.S.C. § 1498(a) (emphasis added). Such an unauthorized "use or manufacture of an invention" under Section 1498(a) is analogous to a taking of property under the Fifth Amendment of the United States Constitution. *See Motorola, Inc. v. United States*, 729 F.2d 765, 768 (Fed. Cir. 1984). The government's "taking" of a nonexclusive and compulsory license to any United States patent occurs "as of the instant the invention is first used or manufactured by [or for] the [g]overnment." *Decca Ltd. v. United State*s, 640 F.2d 1156, 1166 (Ct. Cl. 1980).

The government has waived sovereign immunity only for the compulsory taking of a non-exclusive patent license, and the government's liability under 28 U.S.C. § 1498 diverges from private liability under 35 U.S.C. § 271:

> Government liability under Section 1498 arises from the "use[ ] or manufacture[ ] by or for the United States." There is no mention of liability for a "sale" to the United States of a device covered by a patent. In contrast, with respect to private liability for patent infringement, the "sale" of a patented device is specifically defined in 35 U.S.C. § 271 as an act of infringement . . . .

*de Graffenried v. United States*, 25 Cl. Ct. 209, 215 (1992) (alterations in original); *compare* 28 U.S.C. § 1498, *with* 35 U.S.C. § 271.[4]

### B.  35 U.S.C. § 112

Under Section 1498(a), "[i]n the absence of statutory restriction, *any defense* available to a private party is equally available to the United States." *Motorola*, 729 F.2d at 769 (quoting 28 U.S.C. § 1498, Revisor's Notes) (emphasis added). Thus, the invalidity defenses available to private parties involved in patent disputes under 35 U.S.C. § 282(b) are also available to the government. *See, e.g.*, *Messerschmidt v. United States*, 29 Fed. Cl. 1, 17-40 (1993) (granting the government's cross-motion for summary judgment on plaintiff's patent infringement claim, having found plaintiff's patent invalid on the basis of anticipation, indefiniteness, and obviousness), *aff'd*, 14 F.3d 613 (Fed. Cir. 1993). Nonetheless, an issued patent is presumed valid, 35 U.S.C. § 282(a), and the government must prove invalidity by clear and convincing evidence, *Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011). This burden of persuasion remains on the government throughout a pending action on a patent claim, *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1534 (Fed. Cir. 1983), including for summary judgment; *see*

---

[4] Section 271 of Title 35 of the United States Code provides in relevant part:

> (a) . . . whoever without authority *makes, uses, offers to sell, or sells* any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a) (emphasis added).

*Anderson v. Liberty Lobby,* 477 U.S. 242, 254 (holding that when deciding a motion for summary judgment, a court must bear in mind the applicable evidentiary burden under the substantive law).

      Section 112 requires that a patent set out "one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as [the] invention." 35 U.S.C. § 112 ¶ 2.[5] Section 112 has three main requirements that a patent must meet to be valid, *viz.*, definiteness, enablement, and written description. 35 U.S.C. § 112. Accordingly, "[a] claim is invalid for indefiniteness if its language, when read in light of the specification and the prosecution history, 'fail[s] to inform, with *reasonable certainty*[,] those skilled in the art about the scope of the invention.'" *Biosig Instruments, Inc. v. Nautilus, Inc.*, 783 F.3d 1374, 1377 (Fed. Cir. 2015) (alteration in original) (quoting *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901 (2014)). "In the face of an allegation of indefiniteness, general principles of claim construction apply." *Enzo Biochem, Inc. v. Applera Corp.*, 599 F.3d 1325, 1332 (Fed. Cir. 2010) (internal quotation marks, alterations, and citation omitted). "In that regard, claim construction involves consideration of primarily the intrinsic evidence, *viz.*, the claim language, the specification, and the prosecution history." *Id.* (internal quotations omitted). Where a claim limitation is defined in "purely functional terms," whether said claim satisfies the definiteness requirement is "highly dependent on context (e.g., the disclosure in the specification and the knowledge of a person of ordinary skill in the relevant art area)." *Halliburton Energy Servs., Inc. v. M–I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008). The Supreme Court held that "we read § 112, ¶ 2 to require that a patent's claims, viewed in light of the specification and prosecution history, inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus*, 572 U.S. at 910 (emphasis added). "A question about the state of the knowledge of a skilled artisan is a question of fact." *Dow Chem. Co. v. Nova Chems. Corp. (Canada)*, 809 F.3d 1223, 1225 (Fed. Cir. 2015) (Moore, J. concurring)*; see also Berkheimer v. HP Inc.*, 881 F.3d 1360, 1363 (Fed. Cir. 2018) (The Federal Circuit "review[s] indefiniteness determinations de novo except for necessary subsidiary fact findings."); *In re Morsa*, 713 F.3d 104, 109 (Fed. Cir. 2013) ("Enablement is a question of law based on underlying factual findings.");[6] *In re Owens*, 710 F.3d 1362,1366 (Fed. Cir. 2013) ("Whether a claimed invention

---

     [5] Paragraph 2 of 35 U.S.C. § 112 was replaced with the newly designated § 112(b) when § 4(c) of the AIA took effect on September 16, 2012. As noted previously, *see supra* at 2 n.1, because the application resulting in the patent was filed before that date, the pre-AIA version of § 112 governs this analysis.

     [6] A patent is also invalid if it fails to satisfy the enablement requirement, which is set forth in 35 U.S.C. § 112:

> The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out [the] invention.

5

is supported by an adequate written description under § 112, ¶ 1, is a question of fact that we review for substantial evidence.").

### C.  Summary Judgment

A grant of summary judgment is appropriate when the pleadings, affidavits, and evidentiary materials filed in a case demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Rule 56(a) of the Rules of the Court of Federal Claims ("RCFC").  A fact is material if it "might affect the outcome of the suit under the governing law."  *Anderson*, 477 U.S. at 248.  A dispute is genuine if it might "return a verdict for the nonmoving party."  *Id.*  If "the record taken as a whole [cannot] lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial,'" and summary judgment is appropriate.  *Matsushita Elec. Indus. Co. Ltd.  v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)).

The burden of demonstrating the absence of any genuine dispute is on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Accordingly, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion."  *Matsushita*, 475 U.S. at 587-88 (alteration in original) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).  The nonmoving party may defeat summary judgment by presenting material facts of its own, more than "[m]ere denials or conclusory statements," that indicate "an evidentiary conflict created on the record."  *Barmag Barmer Maschinenfabrik AG v. Murata Mach., Ltd.*, 731 F.2d 831, 836 (Fed. Cir. 1984).  To establish "that a fact cannot be or is genuinely disputed," a party must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."  RCFC 56(c)(1)(A).

## ANALYSIS

Plaintiffs' principal contention is that defendants' assertion of an affirmative defense based on indefiniteness is untimely, and thus waived, because it should have been asserted at or prior to claim construction.  Pls.' Mot. at 1.  In support of that contention, plaintiffs rely on the Federal Circuit's decision in *Noah Sys., Inc. v. Intuit, Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012). *See* Pls.' Mot. at 1.  In *Noah Systems*, the court of appeals stated that "[w]hether a claim complies with the definiteness requirement of 35 U.S.C. § 112 ¶ 2 is a matter of claim

---

35 U.S.C. § 112.  A patent is invalid due to lack of enablement when the party contesting the patent's validity demonstrates, by clear and convincing evidence, that "a person of ordinary skill in the art would not be able to practice the claimed invention without 'undue experimentation.'" *Alcon Research Ltd. v. Barr Labs., Inc.*, 745 F.3d 1180, 1188 (Fed. Cir. 2014) (citing *In re Wands*, 858 F.2d 731, 736–37 (Fed. Cir. 1988); *Johns Hopkins Univ. v. CellPro, Inc.*, 152 F.3d 1342, 1360 (Fed. Cir. 1998)).  The enabling disclosure must be in the specification of the patent at the time the patent application was filed.  *MagSil Corp. v. Hitachi Glob. Storage Techs., Inc.*, 687 F.3d 1377, 1382 (Fed. Cir. 2012).

construction, which we review de novo." *Noah Systems*, 675 F.3d at 1311. The government responds in opposition, contending (1) that the law does not require that indefiniteness challenges be resolved during claim construction, (2) that the government in all events raised the indefiniteness defense prior to claim construction, and (3) its invalidity arguments will in due course be supported by expert discovery and testimony, which is yet to be had. Defs.' Opp'n at 2.

Federal district courts have addressed contentions based on *Noah Systems* and have consistently rejected them. Indefiniteness challenges are indeed linked to claim construction because a "[c]ourt must attempt to determine what a claim means before it can determine whether the claim is invalid for indefiniteness, and not that the [c]ourt must determine indefiniteness during the claim construction proceedings." *ASM Am., Inc. v. Genus, Inc.*, No. C-01-2190-EDL, 2002 WL 1892200, at *15 (N.D. Cal. Aug. 15, 2001), *amended in other respects*, 2003 WL 21033555 (N.D. Cal. Jan. 10, 2003), *aff'd*, 401 F.3d 1340 (Fed. Cir. 2005); *see also DataTern*, *Inc. v. MicroStrategy, Inc.*, No. 11-11970-FDS, 2017 WL 1147441, at *5 (D. Mass. Mar. 27, 2017) ("[A]n indefiniteness claim 'is not waived' merely because the defendant 'did not seek claim construction of the [pertinent] term.'" (quoting *Apple, Inc. v. Samsung Elecs. Co.,* 932 F. Supp.2d 1076, 1079 (N.D. Cal. 2013))). Rather than reaching a question of indefiniteness during claim construction, courts have opined that an indefiniteness question "is more suitable for resolution on summary judgment." *Leines v. Homeland Vinyl Prods., Inc.*, No. 2:18-CV-00969-KJM- DB, 2020 WL 406769, at *6 (E.D. Cal. Jan. 24, 2020); *see also Takeda Pharm. Co. v. Handa Pharms., LLC*, No. C-11-00840 JCS, 2012 WL 1243109, at *16 (N.D. Cal. Apr. 11, 2012) ("Due to the largely factual nature of [the indefiniteness] inquiry, the [c]ourt concludes that [the] question is more suitable for determination on summary judgment than at the claim construction phase of the case.").

The court's patent rules also explicitly separate indefiniteness contentions from claim construction. Patent Rule 16 requires parties to have mandatory settlement discussions at three different progressive stages of a case: "(a) within 7 days after entry of the court's Claim Construction Opinion and Order; (b) within 7 days after entry of the court's Validity or Indefiniteness Opinion and Order, if the case is not dismissed**;** and (c) within 7 days after the conclusion of trial." The pertinent discovery orders in this case also required defendants to set forth their invalidity contentions *after* plaintiffs disclosed their infringement contentions. *See, e.g.*, ECF No. 112 (invalidity contentions due two months after infringement contentions); ECF No. 150 (two months); ECF No. 293 (three months); ECF No. 340 (three months); ECF No. 488 (three months). This staging makes sense. Invalidity, including indefiniteness, contentions are informed by and responsive to infringement claims.

Plaintiffs also ignore that defendants filed Preliminary Invalidity Contentions that included indefiniteness arguments on December 18, 2017, *see* ECF No. 178, notably before claim construction, which occurred on September 25, 2018. Defendants thus gave appropriate notice of their contentions. That defendants also raised indefiniteness invalidity arguments on August 5, 2021, when they responded to plaintiffs' infringement contentions, in effect confirming their prior actions. That subsequent confirmation is not significant insofar as timing is concerned.

      As to the merits, defendants aver that plaintiffs' "[a]sserted [c]laims are invalid as indefinite because the claims contain computer implemented functional limitations, yet the respective specifications failed to provide the necessary structure," Defs.' Opp'n at 20, to apprise those skilled in the art of the patent claims' scope.  Nonetheless, defendants concede that a "question about the state of the knowledge of a skilled artisan is a question of fact." *Id*. at 25 (quoting *Dow Chem. Co.*, 809 F.3d at 1225).  The relevant factual issues can only be resolved after further discovery and submissions by the parties, either on motion or at trial.

## CONCLUSION

      For the reasons stated, plaintiffs' motion for partial summary judgment is DENIED.

      It is so **ORDERED**.

                                           s/ Charles F. Lettow
                                           Charles F. Lettow
                                           Senior Judge