# In the United States Court of Federal Claims

No. 15-501C

(Filed: July 27, 2022)

|  |  |  |
|---|---|---|
| **3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC**, | ) ) ) | Patent case; motion to stay proceedings in light of pending petitions for *ex parte* review; timeliness; prejudice |
| Plaintiffs, | ) ) | |
| **v.** | ) ) | |
| **UNITED STATES**, | ) ) | |
| Defendant, | ) ) | |
| **and** | ) ) | |
| **ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, and NORTHROP GRUMMAN SYSTEMS CORPORATION**, | ) ) ) ) ) ) | |
| Defendant-Intervenors. | ) ) | |

Stephen A. Kennedy, Kennedy Law, P.C., Dallas, Texas, for plaintiffs.

James P. Hughes, Trial Attorney, Intellectual Property Section, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With him on the briefs were Sarah Harrington, Deputy Assistant Attorney General, and Gary L. Hausken, Director, Intellectual Property Section, Civil Division, United States Department of Justice, Washington, D.C.

Kurt G. Calia, Covington & Burling LLP, Palo Alto, California, for defendant-intervenor Elbit Systems of America, LLC.  Of counsel were Ranganath Sudarshan, Matthew Kudzin, Yiye Fu, Jennifer D. Cieluch, and Ryan Roberts, Covington & Burling LLP, Palo Alto, California.

Scott A. Felder, Wiley Rein, LLP, Washington, D.C., for defendant-intervenor General Dynamics One Source LLC.

Gregory H. Lantier, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corporation.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court in this patent infringement case is defendants' motion to stay proceedings. Defs.' Mot. to Stay ("Defs.' Mot."), ECF No. 607.[1]  Defendants represent that *ex parte* reexamination proceedings of the three patents at issue have been initiated before the United States Patent and Trademark Office ("PTO") by a non-party to this case.  Plaintiffs 3rd Eye Surveillance, LLC and Discovery Patents, LLC ("plaintiffs") oppose the motion, arguing that "it is more likely than not" that some, if not all, of the relevant patent claims at issue here will survive reexamination and remain at issue and that plaintiffs will be prejudiced by the delay caused by a stay.  Pls.' Resp. at 7, ECF No. 609; Hr'g Tr. 18:2 to 19:2 (July 18, 2022).[2]  The parties have completed briefing.  *See* Defs.' Reply, ECF No. 612.  The court held a hearing on July 18, 2022, and the motion is ready for disposition.

## BACKGROUND[3]

Plaintiffs first filed suit in this court on May 15, 2015, alleging that the government was infringing their patents.  *See* Compl., ECF No. 1.  Patent Nos. 6,778,085 ("the '085 patent"), 6,798,344 ("the '344 patent"), and 7,323,980 ("the '980 patent") are the basis for plaintiffs' claims.  Each relates to security systems with attendant imagery capabilities.  *See 3rd Eye Surveillance, LLC v. United States*, 140 Fed. Cl. 39 (2018) (ruling on challenges to patent eligibility and on claim construction).  These contentions have been the subject of extensive proceedings in the ensuing seven years, culminating in a dozen opinions by this court addressing various motions made by the parties as the case progressed through preliminary discovery, claim construction, disputed issues related to summary judgment, and various other disagreements between the parties.  Also to be taken into account are the six separate prior applications post-complaint for *inter partes* review filed by the United States with the Patent Trial and Appeal Board ("PTAB").  *See* Joint Prelim. Status Report at 4 n.2, ECF No. 51.[4]

After the court granted the government's motion for a more definite statement, plaintiffs amended their complaint in 2016.  *See* First Am. Compl., ECF No. 22.  The government then began the process of notifying interested parties, which plaintiffs opposed.  *See 3rd Eye Surveillance*, 140 Fed. Cl. at 47-48.  Plaintiffs were allowed to file a second amended complaint

---

[1] Counsel for Defendant-intervenor Northrop Grumman did not join the briefing filed by the other defendants but also did not oppose the motion.

[2] The date will be omitted from future references to the hearing held on July 18, 2022.

[3] The following recitations do not constitute findings of fact by the court.  Instead, the recited factual elements are taken from the relevant complaint and the parties' briefs and attached appendices.

[4] The findings resulting from the prior *inter partes* review were vacated as a result of the decision by the Supreme Court in *Return Mail, Inc. v. United States Postal Service*, __ U.S. __, 139 S. Ct. 1853 (2019).  *See* Notice of September 9, 2019, ECF No. 304-1.

in 2018 to address deficiencies under precedents that developed as a result of the Supreme Court's decision in *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *Id.* at 58; *see also* Sec. Am. Compl., ECF No. 221. This second amended complaint did not contain infringement allegations for claims 11-31 of the '980 patent because those claims were found unpatentable during the government-initiated *inter partes* review. When PTAB vacated its final decision pursuant to *Return Mail*, plaintiffs were allowed to file a third amended complaint in 2019 to add the previously omitted claims of the '980 patent. *See 3rd Eye Surveillance, LLC v. United States*, 145 Fed. Cl. 200 (2019); *see also* Third Am. Compl., ECF No. 308. Defendants again moved for a more definite statement, which the court granted in part. *See* Order of November 19, 2019, ECF No. 320. Plaintiffs filed their fourth amended complaint in December 2019, and it now is the governing basis for this case. *See* Fourth Am. Compl., ECF No. 323.

In recent years, both plaintiffs and defendants have undertaken significant motions practice. *See, e.g.*, Defs.' Mot. for More Definite Statement, ECF No. 327; Pls.' Mot. to Compel, ECF No. 332; Def.'s Mot. for Misc. Relief, ECF No. 350; Pls.' Cross-Mot. for Sanctions, ECF No. 351; Pls.' Mot. to Compel, ECF No. 354; Pls.' Mot. to Take Depositions, ECF No. 358; Pls.' Mot. for Partial Summ. Judgment, ECF No. 363. During the course of these motions, both sides sought extensions and delays. *See, e.g.*, Defs.' Mot. for Extension, ECF No. 325; Pls.' Mot. for Extension, ECF No. 461. Additionally, the COVID-19 pandemic set in, causing further delays. In an attempt to streamline discovery, the court ordered plaintiffs to limit discovery to eleven potentially infringing systems and to identify which of those systems should serve as bellwethers. Order of July 28, 2020, ECF No. 381. Plaintiffs complied with that order. *See* Pls.' Notice of August 14, 2020, ECF No. 385.

Despite the limitation on discovery, the parties continued to require frequent intervention by the court. *See e.g.*, Order of April 27, 2021, ECF No. 484 (denying motion for contempt against a non-party); *3rd Eye Surveillance, LLC v. United States*, 154 Fed. Cl. 475 (2021) (holding non-party's counsel could not access confidential information covered by the protective order); Order of August 9, 2021, ECF No. 517 (ordering *in camera* production of joint defense agreement); *3rd Eye Surveillance, LLC v. United States*, 155 Fed. Cl. 355 (2021) (granting in part and denying in part motion to compel privilege logs); Order of November 3, 2021, ECF No. 554 (denying motion to show cause); Order of December 20, 2021, ECF No. 562 (order granting motion to protect confidential information); *3rd Eye Surveillance, LLC v. United States*, 158 Fed. Cl. 216 (2022) (granting in part and denying in part motion to compel; denying cross-motion to compel); Order of March 9, 2022, ECF No. 593 (discharging order to show cause); Order of May 6, 2022, ECF No. 604 (granting in part and denying in part motion to compel). The court took further action by limiting discovery to Bellwether Systems 1, 4, and 5. *3rd Eye Surveillance*, 155 Fed. Cl. at 363. Now, after years of litigation and four amended complaints, the patents at issue are being challenged again before the PTO.

In December 2021, non-party Toering Patents filed Requests for *Ex Parte* Reexamination with the PTO, arguing that the patents are invalid. *See* Defs.' Mot., Exs. 4-6, ECF Nos. 607-5 to 7 (*Ex Parte* Reexamination Requests for '980, '085, and '344 patents). In these requests, Toering Patents presented a question of patentability for each patent, alleging the claims to be

invalid as anticipated or obvious due to prior art references. Defs.' Mot. at 5.[5] Each reference cited the prior *inter partes* review initiated by the government. *Id.* at 4-5. At this point, the PTO has issued two office actions, one rejecting all claims of the '344 patent as invalid and another holding the same for the '085 patent. *See* Defs.' Reply, Ex. 9, ECF No. 612-2; Defs.' Notice of July 18, 2022, Ex. 1, ECF No. 614-1.

Defendants argue that the proceedings before this court should be stayed in the interest of judicial economy and the likelihood that the issues will be simplified after the conclusion of the *ex parte* reexaminations. *See* Defs.' Mot. Plaintiffs oppose this motion, arguing that "it is more likely than not" that at least some, if not all, of the asserted claims will survive the reexamination proceedings. Pls.' Resp. at 7. Plaintiffs also asserted at the hearing that the delay in the proceedings would be prejudicial to them. Hr'g Tr. 18:2 to 19:2.

## STANDARDS FOR DECISION

As a general matter, the court's authority to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In addressing a request for a stay, the court must take account of its "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Additionally, the court must "identify a pressing need for the stay," and "balance interests favoring a stay against interests frustrated by the action." *Id*.

This court is empowered by the Patent Rules of the United States Court of Federal Claims ("RCFC") to "stay [a] case pending a proceeding before the United States Patent and Trademark Office that concerns each patent at issue." RCFC, App'x J., Rule 18(a). The court is to consider the circumstances of the case to determine whether granting a stay is appropriate, including "the stage of the litigation; whether a stay will simplify the issues; and whether a stay . . . will [unduly] prejudice or present a clear tactical disadvantage to the nonmoving party." RCFC, App'x J., Rule 18(b) (internal formatting omitted). It is "the court's discretionary prerogative to balance considerations beyond those captured by the three-factor stay test." *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016) (analyzing the three-factor test set out in *Nokia Corp. v. Apple Inc.*, No. 09-791, 2011 WL 2160904, at *1 (D. Del. June 1, 2011) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F. Supp. 2d 404, 406 (W.D.N.Y. 1999))).[6] The court's ultimate interest is to "balance the competing interests of the parties and

---

[5] Toering Patents alleged invalidity as to the '980 patent based on the *Monroe*, *Diehl*, and *Tsumpes* prior art references. Defs.' Mot., Ex. 4. It alleged invalidity as to the '085 patent based on the *Monroe*, *Currie*, *Brown*, and *Mogenis* prior art references. Defs.' Mot., Ex. 5. It further alleged invalidity as to the '344 patent based on the *Monroe* and *Mogenis* prior art references. Defs.' Mot., Ex. 6.

[6] Although there is some variance in the three-factor "test" laid out in *Murata* as compared to the codified circumstances listed in RCFC, App'x J., Rule 18(b), the factors are materially the same and comparison of cases on these matters is appropriate and prudent.

the interest of the judicial system." *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011) (citing *Landis*, 299 U.S. at 254-55). Although a stay is never required, it may be "particularly justified where the outcome of the reexamination would be likely to assist the court in determining patent validity and, if the claims were canceled in the reexamination, would eliminate the need to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)).

## ANALYSIS

Courts in these circumstances have adopted "a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entertainment USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994). While stays pending the resolution of *ex parte* reexaminations may be commonplace, *see, e.g.*, *B-5, Inc. v. Accu-Tac, LLC*, No. EDCV 20-532, 2022 WL 1584499, at *15-*18 (C.D. Cal. Mar. 1, 2022) (granting motion to stay case pending *ex parte* reexamination), it is not commonplace that such proceedings be initiated by a non-party to the litigation seven years after the filing of the complaint. Recognizing the unique posture of this case, the court proceeds with caution in determining whether a stay is appropriate.

### A.   Stage of Litigation

In considering the stage of litigation, the court looks to the progress already made in the case, such as the status of discovery, whether a trial date has been set, and whether claim construction has occurred. *See, e.g.*, *B-5, Inc.*, 2022 WL 1584499, at *15. While this case is not in its early stages, it also is not ready to proceed to trial. Certainly, "[d]espite the substantial time and effort already spent in this case, the most burdensome task is yet to come." *Smartflash LLC v. Apple, Inc.*, 621 Fed. App'x 995, 1005 (Fed. Cir. 2015) (granting a motion to stay "mere months away from . . . trial" pending a covered business method review). Here, claim construction was completed on September 25, 2018. *3rd Eye Surveillance*, 140 Fed. Cl. at 58-72. A trial date has not been set. Part of the delay in this case has been the parties' frequent need for the court's intervention to resolve disputes, *see supra*, and even now the parties disagree over the status of discovery in this case. Plaintiffs allege that they are nearly complete with their sought discovery, Hr'g Tr. 20:15-23, and have proposed to hold trial in March 2023, *see* Pls.' Proposed Trial Order, ECF No. 611-1. Defendants, on the other hand, allege that "substantial offensive discovery by [d]efendants remains to be completed," and defendants suggest that the deadline for expert discovery close at roughly the same time as plaintiffs have proposed to hold trial. *See* Defs.' Notice of July 1, 2022 at 3, ECF No. 610.

The court is convinced that defendants' view of the future timeline in this case is more likely than plaintiffs. Even so, it is not unprecedented for a court to issue a stay late in the litigation. *See, e.g.*, *AGIS Software Dev. LLC v. Google LLC*, No. 19-361, 2021 WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (granting a stay pending *ex parte* reexamination even "with discovery complete, pretrial briefing submitted, and jury selection pending"); *Ramot at Tel Aviv Uni. v. Cisco Sys., Inc.*, No. 19-CV-225, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021). Considering the length of time and effort already exerted weighed against the substantial amount

of work remaining, the court concludes the stage of litigation to weigh slightly in favor of granting a stay.

### B.   Simplification of the Issues

Courts have considered the simplification question to be the one that bears the most on the appropriateness of staying a case. *See TC Tech. LLC v. Sprint Corp.*, No. 16-153, 2021 WL 4521045, at *4 (D. Del. Oct. 4, 2021). Plaintiffs rely on the "opinions" of Ms. Shannon Bates, a Dallas-based patent attorney who also represents the patent owners, *see* Pls.' Resp. at 4; *see also* Defs.' Reply at 2, to suggest that the results of the reexaminations are uncertain but that it is likely—in her view—that the most pertinent claims will remain at issue. Pls.' Resp. at 7. Importantly, plaintiffs also recognize that "[i]t is absolutely possible that some but not all, of the claims in the [l]itigation will be initially rejected in an Office Action that requires a response." *Id.* (quoting Ex. 1 at 5). Plaintiffs further argue, via Ms. Bates, that defendants will not be harmed if this case proceeds to trial while the reexamination is still pending because "a new trial, reconsideration, alteration and/or amendment of a judgment" would be available to them under the Rules of the Court of Federal Claims. *Id.* at 8 (quoting Ex. 1 at 5).

Plaintiffs' argument is inapposite. Plaintiffs acknowledge that the reexamination could result in what the Court of Appeals for the Federal Circuit has described as "the ultimate simplification of issues," *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014), *i.e.*, the rejection of all 16 claims at issue in this litigation, *see* Pls.' Resp. at 6 (quoting Ex. 1 at 4). Where such a result is a possibility, it would be a waste of judicial resources to complete discovery—and to hold a trial on the issues—where the ultimate issues before the court are not defined. The stark reality is that the current issues before the court are uncertain, especially where the PTO has already taken Office Actions holding all claims of the '344 and the '085 patents to be invalid. *See* Defs.' Reply at 1 (citing Ex. 9); Defs.' Notice of July 18, 2022 at 2.

In light of the circumstances, the court concurs with defendants that a stay pending reexamination will likely simplify, if not eliminate, the issues before this court. First, the claims may be eliminated altogether—as evidenced by the office actions. Second, even if the claims are not cancelled outright, a modification that results in substantively amending the claims could effectively eliminate some or all of the infringement claims without cancelling the asserted claims.[7] As such, the court finds that the simplification of issues as a result of the reexamination proceedings is highly likely and weighs strongly in favor of granting the stay.

---

[7] The patents will expire in October 2022, and it is highly likely that no claim amendments will be allowed at all. See 37 C.F.R. 1.530(j) ("No amendment may be proposed for entry in an expired patent. Moreover, no amendment, other than the cancellation of claims, will be incorporated into the patent by a certificate issued after the expiration of the patent."). Accordingly, a claim that ordinarily needed amendment would likely be cancelled instead. *See, e.g.*, *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657, 2017 WL 4948560, at *3 (N.D. Cal. Nov. 1, 2017) ("[T]he [c]ourt notes that some courts have found that 'the likelihood for cancellation of one or more of the claims may be increased due to the fact that the [patent] is

## C.  Undue Prejudice

The final factor is whether a stay will unduly prejudice the non-moving party, here plaintiffs.  RCFC, App'x J., Rule 18(b)(3).  Plaintiffs argue that they will be prejudiced by the delay in time, *see* Hr'g Tr. 18:2 to 19:2, but this fact does nothing to negate the potential for the simplification of the issues before this court.  Courts have found that the "delay inherent in the reexamination process does not constitute, by itself, undue prejudice."  *PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014); *see also British Telecomms. PLC v. IAC/InterActiveCorp*, No. 18-366, 2020 WL 5517283, at *6-*7 (D. Del. Sept. 11, 2020) (collecting cases).  The court recognizes the potential for stale evidence or faded memories, but the passage of seven years has already created that problem; further, both parties have played a role in delaying the progress of this case with discovery disputes.  There has not been a showing at this point in the litigation that plaintiffs practice the patents, removing any possibility of prejudice as a result of the parties being direct competitors.  *See VirtualAgility*, 759 F.3d at 1318.  Where plaintiffs have not presented any evidence of prejudice beyond the delay in time, this factor weighs in favor of granting the stay.

In light of the high likelihood that the issues before the court will be simplified at the conclusion of the *ex parte* reexaminations balanced against the lack of prejudice to plaintiffs and the status of litigation, the court determines that a stay is appropriate to serve judicial economy.

## CONCLUSION

Therefore, defendants' motion for a stay is GRANTED, and proceedings in this case shall be STAYED pending a final decision in the pending *ex parte* reexaminations.  The parties are requested to file a joint status report within ten business days after the final determination in those proceedings.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge

---

expired and not subject to amendment in the *ex parte* reexamination proceedings.'") (citations omitted).