# In the United States Court of Federal Claims

No. 15-501C

(Filed: February 23, 2023)

(NOT TO BE PUBLISHED)

|  |  |
|---|---|
| **3RD EYE SURVEILLANCE, LLC and DISCOVERY PATENTS, LLC**, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| **UNITED STATES**, | ) ) ) |
| Defendant, | ) ) ) |
| **and** | ) ) |
| **ELBIT SYSTEMS OF AMERICA, LLC, GENERAL DYNAMICS ONE SOURCE LLC, and NORTHROP GRUMMAN SYSTEMS CORPORATION,** | ) ) ) ) ) ) ) |
| Defendant-Intervenors. | ) ) |

Stephen A. Kennedy, Kennedy Law, P.C., Dallas, Texas, for plaintiffs.

James P. Hughes, Trial Attorney, Intellectual Property Section, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Brian Boynton, Principal Deputy Assistant Attorney General, and Gary L. Hausken, Director, Intellectual Property Section, Civil Division, United States Department of Justice, Washington, D.C.

Kurt G. Calia, Covington & Burling LLP, Palo Alto, California, for defendant-intervenor Elbit Systems of America, LLC. Of counsel were Ranganath Sudarshan, Matthew Kudzin, Yiye Fu, Jennifer D. Cieluch, and Ryan Roberts, Covington & Burling LLP, Palo Alto, California.

Scott A. Felder, Wiley Rein, LLP, Washington, D.C., for defendant-intervenor General Dynamics One Source LLC.

Gregory H. Lantier, Wilmer Cutler Pickering Hale and Dorr LLP, Washington, D.C., for defendant-intervenor Northrop Grumman Systems Corporation.

**ORDER**

LETTOW, Senior Judge.

Pending before the court in this patent infringement case is plaintiffs' motion to lift the stay, coupled with a request for a status conference to schedule trial, filed on February 08, 2023. Pls.' Mot. to Lift Stay and Request for Status Conference to Schedule Trial ("Pls.' Mot."), ECF No. 618. Plaintiffs filed a notice of stipulations limiting the scope of the claims asserted in their motion on February 14, 2023. Notice of Stipulation Concerning Pls.' Infringement Claims ("Pls.' Notice), ECF No. 619. Defendants filed their opposition to plaintiffs' motion on February 22, 2023. Defs.' Opp'n to Pls.' Mot. to Lift Stay and Request for Status Conference to Schedule Trial ("Defs.' Resp."), ECF No. 620.

The court granted defendants' motion to stay proceedings on July 27, 2022. Opinion and Order Granting Mot. to Stay ("Opinion and Order"), ECF No. 617. Defendants initially contended that proceedings should be stayed because a non-party to the case initiated *ex parte* reexamination proceedings of the three patents at issue before the United States Patent and Trademark Office ("PTO"). *See* Opinion and Order. The three patents at issue are the '980 Patent, the '344 Patent, and the '085 Patent. Plaintiffs opposed defendants' motion, averring that some or all of the patent claims at issue would survive reexamination and plaintiffs would therefore be prejudiced by the delay that the stay would cause. *See* Opinion and Order. Ultimately, the court granted the motion to stay "pending a final decision in the pending *ex parte* reexaminations." Opinion and Order.

In their currently pending motion, plaintiffs contend that the stay should be lifted because the PTO upheld some of the claims of one of the three patents at issue, the '980 Patent. *See* Pls.' Mot. at 1. Although the claims of the '344 Patent and the '085 Patent are still pending at the PTO, plaintiffs ask the court to lift the stay "as to the allegations involving the '980 Patent for all purposes and a trial should be set on the '980 Patent for Bellwether System 1 . . . and Systems 4-5 that deploy the Biometric Entry/Exist Systems." Pls.' Mot. at 4-5. In their stipulation, plaintiffs cabined the number of claims from the '980 Patent that they argue Bellwether System 1 and Bellwether System 4-5 infringe upon.[1] Now, plaintiffs stipulate that they "they will not assert infringement of claims 11-31 of the '980 Patent in the litigation . . . [and] Discovery Patents will not appeal the examiner's final determination with respect to those claims." Pls.' Notice at 3. Therefore, plaintiffs will focus on infringement of claims 1-10. *See* Pls.' Notice at 3. In addition, plaintiffs stipulate that "they will not assert infringement of any of the claims in the '085 Patent or the '344 Patent against Bellwether Systems 1, 4, and 5." Pls.' Notice at 3.

In their response, defendants argue that plaintiffs' motion is premature. Defendants agree with plaintiffs that claims 1-10 of the '980 Patent have not been rejected by the examiner. Defs.'

---

[1] "Prior to the July 27 order staying the litigation, [p]laintiffs asserted that Bellwether System 1 infringed Claims 1, 4, 8, 22 and 31 of the '980 Patent and various claims of the '344 and '085 Patents. Plaintiffs asserted that Bellwether Systems 4 and 5 infringed claims 1-4, 8, 11-13 and 31 of the '980 Patent and certain claims of the '344 and '085 Patents." Pls.' Notice at 2 (citations omitted).

Resp. at 1.  At the same time, defendants represent that claims 11-13 have been rejected by the examiner and their reexamination is still underway.  Defs.' Resp. at 1.  Defendants also represent that the claims of the '085 Patent and the '344 Patent have been rejected but appeals are pending before the Patent Trial and Appeal Board and thus their reexaminations are still proceeding.  Defs.' Resp. at 1.  Defendants state that "the PTO cannot complete the reexamination and issue the reexamination certificates until the appeals are complete."  Defs.' Resp. at 1.  Regarding the stipulations, defendants contend that they would not inhibit the ongoing proceedings from affecting the scope of the non-cancelled claims, they would not inhibit the currently rejected claims from having force later because plaintiffs have not filed anything with the PTO, and they would not inhibit plaintiffs from bringing claims in the future.  Defs.' Resp. at 2.  Defendants therefore argue that despite plaintiffs' stipulations, the stay should continue until the PTO "complete[s] its work."  Defs.' Resp. at 1.

Because claims of the patents at issue are still pending before the PTO, the stay will continue and plaintiffs' motion to lift the stay and request for a status conference to schedule trial is DENIED.  Therefore, proceedings will continue to be stayed pending a final decision in the pending *ex parte* reexaminations and the parties are requested to file a joint status report within ten business days after the final determination in those proceedings.

It is so **ORDERED**.

s/ Charles F. Lettow
Charles F. Lettow
Senior Judge